# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEXIUM (ESOMEPRAZOLE) ANTITRUST LITIGATION | MDL No. 2409<br><br>Civil Action No. 1:12-md-2409 |
| This Document Relates To:<br><br>*United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund v. AstraZeneca AB, et al.*, 1:12-cv-12203 (WGY)<br><br>*Allied Services Division Welfare Fund v. AstraZeneca LP, et al.*, 1:12-cv-12263 (WGY)<br><br>*Fraternal Order of Police Miami Lodge 20, Insurance Trust Fund v. AstraZeneca LP, et al.*, 1:12-cv-12297 (WGY)<br><br>*New York Hotel Trades Council & Hotel Association of New York City, Inc. Health Benefits Fund v. AstraZeneca AB, et al.*, 1:12-cv-12298 (WGY)<br><br>*Laborers International Union of North America Local 35 Health Care Fund v. AstraZeneca, L.P. et al.*, 1:12-cv-12362 (WGY)<br><br>*International Brotherhood of Electrical Workers Local 595 Health and Welfare Fund v. AstraZeneca, AB, et al.*, 1:12-cv-12378 (WGY)<br><br>*Laborers International Union of North America Local 17 Health Care Fund v. AstraZeneca LP et al.*, 1:12-cv-12383 (WGY) | |

*International Union of Machinists and Aerospace Workers District No. 15 Health Fund v. AstraZeneca et al.*, 1:12-cv-12409 (WGY)

*Michigan Regional Council of Carpenters Employee Benefits Fund v. AstraZeneca Pharmaceuticals LP et al.*, 1:12-cv-12412 (WGY)

*A.F. of L. – A.G.C. Building Trades Welfare Plan v. AstraZeneca AB et al.*, 1:13-cv-10044 (WGY)

**MAJORITY PLAINTIFFS' UPDATE CONCERNING OUTSTANDING MOTIONS FOR APPOINTMENT OF LEAD COUNSEL FOR THE PROPOSED END PAYOR CLASS**

After the status conference last Friday the Majority Plaintiffs discussed with Mr. Thomas Shapiro the potential resolution of the leadership issue. We were not, however, able to reach an agreement. This is particularly unfortunate, because counsel for Majority Plaintiffs would affirmatively welcome the addition of Mr. Shapiro, whom we know by experience and reputation as a highly skilled and committed advocate, as a fifth co-lead counsel. It is our understanding, however, that such a resolution is not acceptable to those with whom Mr. Shapiro is aligned.

In appointing lead counsel, the Court's first priority is to ensure the appointment of counsel who will best represent the interests of the absent class members – the approximately 14,000 third-party payors and millions of individual consumers who constitute the proposed End Payor Class. Courts prefer the "private ordering" approach to appointment of lead counsel because, among other reasons, it brings to bear the collective experience and judgment of counsel as to who will best represent the interests of absent class members. *See Manual for Complex Litigation* (4th) § 10.224 (2004) (courts should consider the "attorneys' ability to command the respect of their colleagues"); Third Circuit Task Force Report Selection of Class

2

Counsel, 208 F.R.D. 340, 417 (2002) (class benefits from the combined expertise and judgment of firms under the "private ordering" approach).

With respect to the argument that the clients represented by Messrs. Shapiro and Dugan should be represented among the leadership, we note that the focus of Rule 23(g)'s criteria is ensuring the proper representation of absent class members. The relative size of the proposed class representative is not among those criteria; indeed, the largest purchasers in an antitrust case frequently make the least attractive class representatives (for example, counsel for the direct purchaser class have never, in the last 15 years, proffered one of the "Big Three" wholesalers as a class representative). We respectfully submit that engrafting a "size of the client" criterion onto the Rule 23(g) analysis would cause significant substantive harm to future classes of antitrust plaintiffs.[1]

This is recognized by other courts. For example, in one of the largest and highest profile recent antitrust cases, *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.,* 2006 WL 2038650 (E.D.N.Y. Feb. 24, 2006), a coalition of firms, including as here the firms that first developed the case, supported a slate of co-lead counsel. Rejecting a later-filing firm's argument that it should be appointed based in part on the magnitude of its client's damages, the court held: "that [a particular plaintiff] may have a far greater individual damages claim than any other single plaintiff says nothing about who can best serve the interests of all plaintiffs." *Id.* at *2. Appointing instead the coalition supported by the majority, the court noted that they "have already demonstrated their ability to work cooperatively with each other, with the court, and most importantly, with the numerous non-lead counsel representing plaintiffs with

---

[1] The same is true of the number of cases filed. It would be detrimental to the orderly prosecution of major antitrust cases to reward counsel who file multiple lawsuits in a bid to gain a leadership position.

very significant interests in this litigation.  They have the support of a larger and more diverse group of clients. . . ." *Id.* Those are exactly the facts here, where the slate proposed by the Majority Plaintiffs has the support of every other plaintiff group, and the opposing slate has the support of no one else; and where counsel for Majority Plaintiffs worked cooperatively with direct purchaser plaintiff counsel and defense counsel in organizing the joint agenda for the Friday conference and, more broadly, have more than a decade of experience in working with both those sets of counsel in other antitrust cases.

In any event, each of the third-party payor clients represented among the Majority Plaintiffs has a very significant economic interest in this case.  Each of those clients, including those represented by counsel who have agreed in the spirit of cooperation to forego a leadership position, has several thousand to more than 40,000 beneficiaries.  As is evident from the papers seeking appointment as co-lead counsel, each of these firms – including again those who have agreed to forego a leadership position – satisfies the Rule 23(g) criteria for appointment to lead this case.

Finally, the Majority Plaintiffs assure the Court that our position is driven solely by our obligation to advocate the slate of co-lead counsel who, in our experience and judgment, can best represent this proposed class.

Dated: January 14, 2013                                          Respectfully submitted,

                                                          /s/ Glen DeValerio
                                                          Glen DeValerio (BBO #122010)
                                                          BERMAN DeVALERIO
                                                          One Liberty Square
                                                          Boston, MA  02109
                                                          Tel:  (617) 542-8300
                                                          Fax:  (617) 542-1194
                                                          gdevalerio@bermandevalerio.com

Todd A. Seaver (645874)
BERMAN DeVALERIO
One California Street, Suite 900
San Francisco, CA  94111
Tel:  (415) 433-3200
Fax:  (415) 433-6382
tseaver@bermandevalerio.com

*Liaison Counsel and Attorneys for Plaintiffs New York Hotel Trades Council and Hotel Assoc. of New York City, Inc. Health Benefits Fund, Fraternal Order of Police Miami Lodge 20, Insurance Trust Fund, and International Union of Machinists and Aerospace Workers District No. 15 Health Fund*

J. Douglas Richards
Sharon K. Robertson
COHEN MILSTEIN SELLERS & TOLL, PLLC
88 Pine Street, 14th Floor
New York, New York 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
drichards@cohenmilstein.com
srobertson@cohenmilstein.com

*Attorneys for Plaintiff New York Hotel Trades Council and Hotel Assoc. of New York City, Inc. Health Benefits Fund*

Jayne A. Goldstein
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
1640 Tower Center Circle, Suite 216
Weston, FL 33326
Tel: (954) 515-0123
jgoldstein@sfmslaw.com

Natalie Finkelman Bennett
James C. Shah
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
475 White Horse Pike
Collingswood, NJ 08107

5

Tel: (856) 858-1770
nfinkelman@sfmslaw.com
jshah@sfmslaw.com

Steve D. Shadowen
HILLIARD & SHADOWEN LLC
39 West Main Street
Mechanicsburg, PA 17055
Tel: (855) 344-3298
steve@hilliardshadowenlaw.com

Anne Fornecker
HILLIARD & SHADOWEN LLC
106 East 6th Street, Suite 900
Austin, TX 78701
Tel: (512) 322-5339
anne@hilliardshadowenlaw.com

*Attorneys for Plaintiff Fraternal Order of Police Miami Lodge 20, Insurance Trust Fund*

Brian Douglas Penny
GOLDMAN SCARLATO KARON & PENNY, P.C.
101 East Lancaster Avenue, Suite 204
Wayne, PA 19087
Tel:  (484) 342-0700
Fax:  (484) 580-8747
penny@gskplaw.com

John Zaremba
ZAREMBA BROWNELL
 & BROWN, PLLC
40 Wall Street
New York, NY 10005
Tel:  (212) 400-7224
jzaremba@zbblaw.com

*Attorneys for Plaintiff International Union of Machinists and Aerospace Workers District No. 15 Health Fund*

Jonathan Shapiro
STERN, SHAPIRO, WEISSBERG & GARIN
90 Canal Street, Suite 500

Boston, MA  02114
Tel:  (617) 742-5800
Fax:  (617) 742-5858
jshapiro@sswg.com

Kenneth A. Wexler
Edward A. Wallace
Dawn M. Goulet
Justin N. Boley
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Tel: (312) 346-2222
Fax: (312) 346-0022
kaw@wexlerwallace.com
eaw@wexlerwallace.com
dmg@wexlerwallace.com
jnb@wexlerwallace.com

*Attorneys for Plaintiff United Food Workers and Commercial Workers Unions and Employers Midwest Health Benefits Fund*

Daniel C. Girard
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA  94108
Tel:  (415) 981-4800
dcg@girardgibbs.com

Todd Schneider
SCHNEIDER WALLACE COTTRELL & KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
tcchneider@schneiderwallace.com

*Attorney for Plaintiff International Brotherhood of Electrical Workers Local 595 Health and Welfare Fund*

Joseph P. Guglielmo (BBO #671410)
Donald A. Broggi (*pro hac vice forthcoming*)
SCOTT+SCOTT, ATTORNEYS AT LAW,

7

LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174-4099
Tel: (212) 223-6444
Fax: (212) 223-6334
jguglielmo@scott-scott.com
dbroggi@scott-scott.com

Christopher M. Burke (*pro hac vice* forthcoming)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Fax: (619) 233-0508
cburke@scott-scott.com

David R. Scott (*pro hac vice* forthcoming)
156 South Main Street
P.O. Box 192 Colchester, CT 06415
Telephone: (860) 537-5537
Fax: (860) 537-4432
drscott@scott-scott.com

*Attorneys for Plaintiff Michigan Regional Council of Carpenters Employee Benefits Fund*

## CERTIFICATE OF SERVICE

  I, Glen DeValerio, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on January 14, 2013.

                /s/ Glen DeValerio
                Glen DeValerio