UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re: Nexium (Esomeprazole) Antitrust Litigation*<br><br>This Document Relates to:<br><br>*Allied Services Division Welfare Fund v. AstraZeneca LP, et al.*, 12-cv-12263 (D. Mass.)<br><br>*Fraternal Order of Police Miami Lodge 20, Insurance Trust Fund v. AstraZeneca LP, et al.*, No. 12-cv-12297 (D. Mass.)<br><br>*Int'l. Union of Machinists and Aerospace Workers District No. 15 Health Fund v. AstraZeneca, et al.*, No. 12-cv-12409 (D. Mass.)<br><br>*Int'l. Brotherhood of Electrical Workers Local 595 Health and Welfare Fund v. AstraZeneca AB, et al.*, No. 12-cv-12378 (D. Mass.)<br><br>*Laborers Int'l. Union of N. America Local 345 Health Care Fund v. AstraZeneca, L.P., et al.*, No. 12-cv-12362 (D. Mass.)<br><br>*Laborers Int'l. Union of N. America Local 17 Health Care Fund v. AstraZeneca, L.P., et al.*, No. 12-cv-12383 (D. Mass.)<br><br>*Michigan Regional Council of Carpenters Employee Benefits Fund v. AstraZeneca Pharms. LP., et al.*, No. 12-cv-12412 (D. Mass.) | MDL No. 2409<br><br>Civil Action No.: 1:12-md-2409-WGY |

## ~~PROPOSED~~ AMENDED CASE MANAGEMENT ORDER NO. 1

[CAPTION CONTINUED ON NEXT PAGE]

*New York Hotel Trades Council & Hotel Assoc. of New York City, Inc. Health Benefits Fund v. AstraZeneca AB, et al.*, No. 12-cv-12298 (D. Mass.)

*United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund v. AstraZeneca AB, et al.*, No. 12-cv-12203 (D. Mass.)

*A.F. of L. – A.G.C. Building Trades Welfare Plan v. AstraZeneca AB et al.*, 1:13-cv-10044 (D. Mass.)

**WHEREAS**, certain end-payor and direct purchaser actions have been initiated against Defendants AstraZeneca AB, Aktiebolaget Hassle, AstraZeneca LP, Ranbaxy Pharmaceuticals, Inc., Ranbaxy Inc., Ranbaxy Laboratories Ltd., Teva Pharmaceutical Industries, Ltd., Teva USA, Inc., Dr. Reddy's Laboratories Ltd., and Dr. Reddy's Laboratories, Inc., in connection with an alleged conspiracy to delay market entry of generic versions of Nexium;

**WHEREAS**, on December 6, 2012, the U.S. Judicial Panel on Multidistrict Litigation (the "Panel") centralized before this Court two end-payor actions and four direct purchaser actions, which alleged similar efforts to delay market entry of generic Nexium. *See In re: Nexium Antitrust (Esomeprazole) Antitrust Litig.*, MDL No. 2409, 2012 WL 6062555 (Dec. 6, 2012);

**WHEREAS**, the Panel issued a Conditional Transfer Order dated December 11, 2012 that transferred four additional end-payor actions to this district: *Int'l. Union of Machinists and Aerospace Workers District No. 15 Health Fund v. AstrZeneca AB et al.*, No. 12-cv-5938 (D.N.J.); *Int'l. Brotherhood of Electrical Workers Local 595 Health and Welfare Fund v. AstraZeneca AB et al.*, No. 12-cv-5916 (E.D. Pa.); *Laborers Int'l. Union of N. America Local*

*345 Health Care Fund v. AstraZeneca L.P. et al.*, No. 12-cv-5381 (E.D.N.Y.); and *Michigan Regional Council of Carpenters Employee Benefits Fund v. AstraZeneca L.P. et al.*, No. 12-cv-7050 (D.N.J.);

**WHEREAS**, four additional end-payor actions, *United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund v. AstraZeneca AB et al.*, No. 12-cv-12203 (D. Mass.), *Allied Services Division Welfare Fund v. AstraZeneca LP et al.*, No. 12-cv-12263 (D. Mass.), *Laborers Int'l. Union of N. America Local 17 Health Care Fund v. AstraZeneca, L.P., et al.*, No. 12-cv-12383 (D. Mass.), and *A.F. of L. – A.G.C. Building Trades Welfare Plan v. AstraZeneca AB et al.*, 1:13-cv-10044 (D. Mass.), initiated in this district, are also part of the centralized Nexium antitrust proceedings;

**WHEREAS**, the end-payor and direct purchaser actions all involve similar factual allegations and seek to hold defendants liable for their anticompetitive conduct, but each brings their respective claims under different statutes and legal theories for the recovery of damages;

**WHEREAS**, separate organizational structures will protect the respective classes and facilitate the efficient conduct of the litigation;

**WHEREAS**, this Case Management Order concerns only class actions brought by end-payor indirect purchasers (the "end-payor class actions");

**WHEREAS**, all of the end-payor class actions seek damages, pursuant to state antitrust and consumer protection laws, for a proposed class of end-payors of Nexium and/or its generic bioequivalents;

**WHEREAS**, any subsequently-filed or transferred end-payor class action arising from the same questions of law and fact, which alleges substantially the same wrongful conduct

against the same defendants, asserts violations of these laws, and seeks certification of the same class for damages, will entail substantially the same evidence and witnesses;

**WHEREAS**, consolidation of like actions will avoid duplication and unnecessary costs and promote judicial economy and the efficient conduct of proceedings herein;

**WHEREAS**, appointment of Interim Co-Lead Counsel and the following leadership structure for the end-payor class actions is appropriate under Fed. R. Civ. P. 23(g);

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

A.  **Consolidation of All End-Payor Class Actions**

1.  Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, all end payor class actions centralized in this District and assigned to this Court, and all subsequently-filed or transferred related end-payor class actions, are hereby consolidated for pre-trial purposes.

2.  Any new filings in, actions transferred to, this Court that are related to the end-payor class actions shall be deemed consolidated unless an objection is filed within 14 days of notice to counsel for the plaintiff(s) in the newly-filed action, and the objection is sustained.

3.  Every pleading filed in the end-payor class actions shall bear the following caption, except as provided in paragraph 4 below:

| IN RE NEXIUM (ESOMEPRAZOLE) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All End-Payor Actions | MDL No. 2049<br><br>Master File No. 12-md-2049 (WGY) |
|---|---|

4.  When a pleading or other court paper filed is intended to apply to all actions, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption detailed above. When a pleading or other court paper is intended to apply

only to one, or some, but not all, of such actions, the party filing the document shall indicate, for example, "All End-Payor Class Actions," or "All Direct Purchaser Class Actions."

5. Any individual end-payor action shall be coordinated with the end-payor class actions for discovery and other pre-trial proceedings.

### B. Organization of Plaintiffs' Counsel

6. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following as Interim Co-Lead Counsel for the proposed class of end-payors:

Steve D. Shadowen
Hilliard & Shadowen LLC
39 West Main Street
Mechanicsburg, Pennsylvania 17055
Telephone: (855) 344-3298
Fax: (512) 233-2824

Jayne A. Goldstein
Shepherd Finkelman Miller & Shah LLP
1640 Town Center Circle
Suite 216
Weston FL 33326
Telephone: (954) 515-0123
Fax: (954) 515-0124

J. Douglas Richards
Cohen Milstein Sellers & Toll, PLLC
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 838-7797
Fax: (212) 838-7745

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Fax: (312) 346-0022

7.      Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following as Interim Liaison Counsel for the proposed class of end-payors:

> Glen DeValerio
> BERMAN DEVALERIO
> One Liberty Square, 8th Floor
> Boston, MA 02109
> Telephone: (617) 542-8300

8.      In addition to the four Co-Lead firms, there will be an Executive Committee which, in consultation with and at the direction of Co-Lead Counsel, will have significant and meaningful participation in the prosecution of the end-payor class actions. Such participation will include member firms being assigned to specific tasks or subcommittee responsibilities, as well as the commitment to fund the litigation pursuant to assessments by Co-Lead Counsel as necessary for the successful and efficient prosecution of the litigation. The Executive Committee will consist of Daniel Girard (Girard Gibbs, LLP), Brian Penny (Goldman, Scarlato, Karon & Penny, PC), Joseph Guglielmo (SCOTT+SCOTT, LLP), Michael Buchman (Pomerantz, Grossman, Hufford, Dahlstrom & Gross, LLP), Thomas Shapiro (Shapiro, Haber, & Urmy LLP), and James Dugan (The Dugan Law Firm, LLC).

9.      Interim Co-Lead Counsel shall have sole authority over the following matters on behalf of plaintiffs in the end-payor actions: (a) convening meetings of counsel; (b) the initiation, authorization, response, scheduling, briefing, and argument of all motions; (c) the scope, order, and conduct of all discovery proceedings; (d) making such work assignments among themselves and other counsel as they may deem appropriate; (e) the collection on a periodic basis contemporaneously-kept time and expense reports from all plaintiffs' counsel; (f) the retention of experts; (g) the designation of which attorneys shall appear at hearings and conferences with the Court; (h) the timing and substance of any settlement negotiations and/or settlement with

defendants; (i) the allocation of fees among counsel in the end-payor class actions, if any are awarded by the Court; and (j) any and all other matters concerning the prosecution or resolution of the end-payor class actions.

10. Interim Co-Lead Counsel shall have sole authority to communicate with defendants' counsel, counsel in related actions, and the Court on behalf of all plaintiffs in the end-payor class actions. Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel and such agreements shall be binding on all counsel in the end-payor class actions.

11. Liaison Counsel shall have the administrative responsibilities of: (a) receiving orders, notices, correspondence and telephone calls from the Court on behalf of all end payor plaintiffs, and shall be responsible for preparing and distributing the same to all end payor class counsel upon direction from the Court; (b) maintaining and distributing a master service list of all end payor parties and their respective counsel; and (c) performing other such duties and undertaking other responsibilities as necessary or desirable in connection with the prosecution of the litigation.

11. All plaintiffs' counsel in the end-payor class actions must keep contemporaneous time and expense records and submit them periodically to Interim Co-Lead Counsel or their designee.

**IT IS SO ORDERED.**

Dated: January 16, 2013

*William G. Young*
Honorable William G. Young