UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
IN RE: NEXIUM (ESOMEPRAZOLE)  )
ANTITRUST LITIGATION           )   CIVIL ACTION
                               )   NO. 12-md-02409-WGY
                               )

January 24, 2013

ORDER

Everybody agrees what needs to be done here -- a consolidated complaint on behalf of a putative direct purchaser class promptly needs to be filed. Unfortunately, a most unseemly squabble has developed among counsel as to what coalition of counsel will prosecute this consolidated complaint. This squabble reflects most poorly on all counsel involved since it appears driven more by a desire to participate to a greater degree in a potential award of attorneys' fees[1] than by any nuanced professional judgment concerning how to assemble the strongest possible team of counsel for the direct purchaser plaintiffs.

---

[1] There is a disquieting study of the conduct of counsel in related circumstances. Stephen J. Choi et al., <u>The Price of Pay to Play in Securities Class Actions</u> (Univ. of Mich. Law & Econ. Empirical Legal Studies Ctr. Paper No. 09-025, 2010), <u>available at</u> http://ssrn.com/abstract=1527047. The Court expresses no opinion on the applicability of that study to the circumstances of this case. It is, however, true that counsel consider the collated costs of multidistrict litigation practice -- such as this sad and unprofessional quarrel -- to be a tax on litigants. This Court will insure that none of the litigation costs of resolving this dispute are passed on to the plaintiffs here.

Since prompt action is required, the Court must make the determination. Accordingly, the Court orders the following:

1. The Court appoints Messrs. Sobol, Gerstein, and Sorensen (and their respective law firms) as co-lead counsel for the putative class of direct purchaser plaintiffs.

2. The Court expects vigorous, professional, thoughtful, and seamless cooperation among the counsel as appointed.

3. The Court is not satisfied that the interests of those plaintiffs in non-<u>Illinois Brick</u> repealer states[2] are here fully protected. The Court would welcome counsel stepping forward to represent that aggregation of plaintiffs.

4. Counsel will report within 30 days of the date of this order the existence of any related litigation in state courts. This duty to report is ongoing.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[2] <u>See</u> Kellen S. Dwyer, <u>With the Illinois Brick Wall Down, What's Left?: Determining Antitrust Standing Under State Law</u>, 3 J. Bus. Entrepreneurship & L. 255 (2010); <u>see also</u> Antitrust Modernization Comm'n, <u>Report and Recommendations</u> (2007), <u>available at</u> http://govinfo.library.unt.edu/amc/report_recommendation /amc_final_report.pdf.