# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*<br><br>*American Sales Company, LLC v. AstraZeneca AB, et al.*, No. 12-cv-11711 (WGY)<br><br>*Meijer, Inc. and Meijer Distribution, Inc. v. AstraZeneca AB, et al.*, No. 12-cv-12291 (WGY)<br><br>*Value Drug Company and Burlington Drug Company, Inc. v. AstraZeneca PLC, et al.*, No. 12-cv-12293 (WGY)<br><br>*Rochester Drug Co-operative, Inc. v. AstraZeneca AB, et al.*, No. 12-cv-12299 (WGY) | MDL No. 2409<br><br>Civil Action No. 1:12-md-02409-WGY |

### DECLARATION OF THOMAS A. ISAACSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO THE DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (DKT. NO. 266)

I, Thomas A. Isaacson, declare as follows:

1. I am an attorney in the law firm of Covington & Burling LLP and counsel to the AstraZeneca defendants in this matter. The following facts are within my personal knowledge, and, if called and sworn as a witness, I could and would testify competently to them. I submit this Declaration in support of the defendants' Opposition to the Direct Purchaser Class Plaintiffs' Motion for Class Certification (Dkt. No. 266).

2. Attached hereto as Exhibit 1 is a true and correct copy of the Expert Report of Dr. John H. Johnson, IV (with exhibits), submitted by Defendants in support of their Opposition to the Direct Purchaser Class Plaintiffs' Motion for Class Certification.

3. Attached hereto as Exhibit 2 is a true and correct copy of selected pages of the minuscript of the cited excerpts of the transcript of the deposition of Raymond S. Hartman, taken on September 4, 2013 in this action.

4. Attached hereto as Exhibit 3 is a true and correct copy of selected pages of the minuscript of the cited excerpts of the transcript of the deposition of Laurence F. Doud, III, in his capacity as the Rule 30(b)(6) designee of named plaintiff Rochester Drug Cooperative, Inc., taken on August 6, 2013 in this action.

5. Attached hereto as Exhibit 4 is a true and correct copy of selected pages of the minuscript of the cited excerpts of the transcript of the deposition of Gregory Drew, in his capacity as the Rule 30(b)(6) designee of named plaintiff Value Drug Company, taken on August 7, 2013 in this action.

6. Attached hereto as Exhibit 5 is a true and correct copy of selected pages of the minuscript of the cited excerpts of the transcript of the deposition of Laura Lynn Schneider, in her capacity as the Rule 30(b)(6) designee of named plaintiff American Sales Company, taken on August 13, 2013 in this action.

7. Attached hereto as Exhibit 6 is a true and correct copy of selected pages of the minuscript of the cited excerpts of the transcript of the deposition of John D. Mitiguy, in his capacity as the Rule 30(b)(6) designee of named plaintiff Burlington Drug Company, taken on August 13, 2013 in this action.

8. Attached hereto as Exhibit 7 is a true and correct copy of selected pages of the minuscript of the cited excerpts of the transcript of the deposition of Jeffrey D. Romano, in his capacity as the Rule 30(b)(6) designee of named plaintiff Meijer, Inc., taken on August 20, 2013 in this action.

- 3 -

9. Because the attachments to this Declaration contain material that has been designated as confidential, in whole or in part, by certain parties, the exhibits have been redacted from the publicly filed version of this Declaration, in order to allow such parties an opportunity to file a motion to impound pursuant to the Protective Order entered in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 11, 2013, in Boulder, CO.

By:    **/s/ Thomas A. Isaacson**
       Thomas A. Isaacson

## **CERTIFICATE OF SERVICE**

I, Andrew D. Lazerow, hereby certify that this document was electronically filed and served using the Court's ECF system on September 11, 2013.

**/s/ Andrew D. Lazerow**
Andrew D. Lazerow