UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEXIUM (ESOMEPRAZOLE) ANTITRUST LITIGATION | CIVIL ACTION NO. 12-md-02409-WGY |

YOUNG, D.J.                                                November 14, 2013

ORDER

I.  **INTRODUCTION**

This case presents a multidistrict, putative class action against AstraZeneca AB, Aktiebolaget Hassle, and Astrazeneca LP (collectively "AstraZeneca"), Ranbaxy Pharmaceuticals, Inc., Ranbaxy Inc. and Ranbaxy Laboratories Ltd. (collectively, "Ranbaxy"); Teva Pharmaceutical Industries, Ltd. and Teva Pharmaceuticals USA, Inc. (collectively, "Teva"); and Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "Dr. Reddy's") (collectively, with Ranbaxy and Teva, the "Generic Defendants") (collectively, with AstraZeneca, the "Defendants") for alleged violations of state and federal antitrust laws involving AstraZeneca's heartburn medication, Nexium.  Two plaintiff classes seek certification, the End-Payors and Direct Purchasers, and this order addresses class certification for the End-Payor class.  The End-Payor class is comprised of individual consumers, third-party payors ("TPPs"),

union plan sponsors, and insurance companies that purchased or provided reimbursements for Nexium, and they move for class certification under Federal Rules of Civil Procedure ("Rule") 23(a), (b)(2) and (b)(3).

## II. DISCUSSION

Upon detailed review of the parties' submissions and expert reports, the Court comes to the following conclusions regarding certification of the End-Payors class under Rules 23(b)(2) and (b)(3).

### A. Rule 23(b)(2)

The End-Payor plaintiffs move for class certification under Federal Rule of Civil Procedure 23(b)(2) for the purpose of forming an "Injunctive Class." Rule 23(b)(2) provides for class certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

The Court is not persuaded that declaratory and injunctive relief will provide adequate remedy here. Formation of an Injunctive Class, for the purpose of enjoining the Defendants' reverse-payment agreements, is not appropriate because money damages are the "predominant relief" sought by the End-Payors.

DeRosa v. Massachusetts Bay Commuter Rail Co., 694 F. Supp. 2d 87, 95 (2010).

Accordingly, the Court's motion for class certification under Rule 23(b)(2) is DENIED.

**B. Rule 23(b)(3)**

The End-Payor plaintiffs have sufficiently demonstrated that certification under Rules 23(a) and (b)(3) is appropriate in regards to their antitrust claims arising under the antitrust laws of Maine, Vermont, and Wisconsin.

In regards to Rule 23(b)(3), the End-Payors have sufficiently demonstrated that questions of law or fact common to class members predominate over questions affecting only individual matters, and that class action is superior to other available methods of adjudication. The Court paid particular attention to the parties' arguments on the issue of common damages, in light of recent Supreme Court rulings in Wal-Mart and Comcast. See Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011); Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013). While the Court is satisfied that the End-Payors were able to demonstrate common damages through their expert's damages model, the proffered class definition must be clarified to exclude certain payors that have not been shown to have suffered any injury from the Defendants' alleged anticompetitive

behavior. Accordingly, pharmacy benefit managers ("PBMs") will be explicitly excluded from the class definition.

### C. Class Definition

The Court certifies under Rule 23(b)(3), the following class of End-Payors with respect to their antitrust claims:

> All persons or entities in the United States and its territories who purchased or paid for some or all of the purchase price for Nexium or its AB-rated generic equivalents in Arizona, California, Florida, Iowa, Kansas, Massachusetts, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, Wisconsin and the District of Columbia, in capsule form, for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries, during the period April 14, 2008 through and until the anticompetitive effects of Defendants' unlawful conduct cease. For purposes of the Class definition, persons or entities "purchased" Nexium or its generic equivalent if they paid or reimbursed some or all of the purchase price.[1]

Excluded from the class are the following groups:

a. Defendants and their officers, directors, management, employees, subsidiaries, or affiliates;

---

[1] Pursuant to the Court's Motion to Dismiss Memorandum and Order, see ECF No.352, and its Order addressing the End-Payor Plaintiffs' Motion for Leave to Amend Consolidated Amended Class Action Complaint, see ECF No. 448, this class definition applies specifically to the End-Payors' challenges against the reverse payment agreements made between AstraZeneca and Teva ("AstraZeneca/Teva Agreement"), and AstraZeneca and Dr. Reddy's ("AstraZeneca/Dr.Reddy's Agreement"). In regards to the agreement between AstraZeneca and Ranbaxy ("AstraZeneca/Ranbaxy Agreement"), the End-Payor class is limited to the following states: Maine, Vermont, and Wisconsin.

b. All persons or entities who purchased Nexium or its AB-rated generic equivalent only directly from Defendants;

c. All persons or entities who purchased Nexium or its AB-rated generic equivalent only for resale purposes;

d. All government entities, except for government-funded employee benefit plans;

e. Fully insured health plans (i.e., plans that purchased insurance from another third-party payor covering 100 percent of the plan's reimbursement obligations to its members);

f. "Flat co-pay" "Cadillac Plan" consumers who made purchases only via fixed dollar co-payments that do not vary between Nexium and its AB-rated generic equivalent;

g. Consumers who purchased or received Nexium or its AB-rated generic equivalent only through a Medicaid program;

h. All pharmacy benefit managers without capitation agreements, regardless of whether they accepted AstraZeneca rebates for Nexium; and

i. The judges in this case and any members of their immediate families.

United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund, Allied Services Division Welfare Fund, Fraternal Order of Police Miami Lodge 20, Insurance Trust Fund, New York Hotel Trades Council & Hotel Association of New York City, Inc. Health Benefits Fund, Laborers International

Union of North America Local 35 Health Care Fund, International Brotherhood of Electrical Workers Local 595 Health and Welfare Fund, Laborers International Union of North America Local 17 Health Care Fund, International Union of Machinists and Aerospace Workers District No. 15 Health Fund, Michigan Regional Council of Carpenters Employee Benefits Fund, and A.F. of L.-A.G.C. Building Trades Welfare Plan are the designated representatives of the End-Payor Class.

The Court appoints the following as Co-Lead Counsel for the End-Payor Class: Steve Shadowen, Hilliard & Shadowen LLC; Kenneth A. Wexler, Wexler Wallace LLP; J. Douglas Richards, Cohen Milstein Sellers & Toll, PLLC; and Jayne A. Goldstein, Pomerantz Grossman Hufford Dahlstrom & Gross LLP.

### III. Notice

In light of the March 3, 2014 trial date the Court has set for this matter, notice should be disseminated promptly to ensure that members of the Class have sufficient opportunity to exclude themselves from the Class, if they wish to do so, before trial commences. Accordingly, within 30 days of entry of this Order, Co-Lead Counsel shall file with the Court a proposed form of notice to be disseminated to members of each Class in accordance with Federal Rule of Civil Procedure 23(c)(2).

## IV. CONCLUSION

The End Payor Plaintiffs' Motion for Class Certification [Doc. No. 272] is ALLOWED in part and DENIED in part. The motion is allowed under Rule 23(b)(3) with respect to the liability and damages class described above, and denied under Rule 23(b)(2) with respect to the injunctive class. The Court may alter or amend this order before final judgment.

**SO ORDERED.**

*/s/ William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE