# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*<br><br>This Document Relates to:<br><br>All Direct Purchaser and End-Payor Actions | MDL No. 2409<br><br>Civil Action No. 1:12-md-02409-WGY |

## DEFENDANTS' OPPOSITION TO DIRECT PURCHASER AND END-PAYOR CLASS PLAINTIFFS' MOTION FOR LIVE TRIAL TESTIMONY VIA <u>CONTEMPORANEOUS TRANSMISSION</u>

## **TABLE OF CONTENTS**

I.    PLAINTIFFS HAVE NOT MADE AN ADEQUATE SHOWING OF GOOD
      CAUSE IN COMPELLING CIRCUMSTANCES...............................................................3

II.   CLASS PLAINTIFFS' REQUEST IS EXTREMELY PREJUDICIAL TO
      DEFENDANTS AND UNWORKABLE AT TRIAL. ........................................................6

      A.    Class Plaintiffs' Motion Unfairly Prejudices Defendants.......................................6

      B.    Class Plaintiffs' Motion and Protocol Are Unworkable. ........................................7

III.  CLASS PLAINTIFFS' ARGUMENTS ARE NOT PERSUASIVE. ................................8

      A.    The Cases Cited By Class Plaintiffs Are Distinguishable. .....................................8

      B.    Class Plaintiffs Will Not Be Prejudiced If Their Motion Is Denied.....................11

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Air Turbine Technology, Inc. v. Atlas Copco AB*, 217 F.R.D. 545 (S.D. Fla. 2003) ......................4

*Air Turbine Technology, Inc. v. Atlas Copco AB*, 410 F.3d 701 (Fed. Cir. 2005)..........................4

*Eller v. Trans Union, LLC*, 739 F.3d 467 (10th Cir. 2013) ...........................................................5

*Garza-Castillo v. Guajardo-Ochoa*, No. 2:10-cv-00359-LDG, 2012 WL 15220
(D. Nev. Jan. 4, 2012)...............................................................................................................5

*In re Actos (Pioglitazone) Products Liability Litigation*, No. 6:11-md-2299, 2014
WL 107153 (W.D. La. Jan. 8, 2014) ......................................................................................11

*In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. 424 (D.P.R. 1989) ......................9, 10

*In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640 (E.D. La. 2006).........................................10

*In re Washington Public Power Supply System Securities Litigation*, MDL No.
551, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988)............................................................9, 10

*Matovski v. Matovski*, No. 06 Civ. 4259 (PKC), 2007 WL 1575253 (S.D.N.Y.
May 31, 2007)............................................................................................................................5

*Niemeyer v. Ford Motor Co.*, No. 2:09-CV-2091 JCM (PAL), 2012 WL 5199145
(D. Nev. Oct. 18, 2012)..............................................................................................................5

*RLS Assocs., LLC v. United Bank of Kuwait PLC*, No. 01 Civ. 1290 (CSH), 2005
WL 578917 (S.D.N.Y. Mar. 11, 2005) .....................................................................................8

*Szollosy v. Hyatt Corp.*, No. Civ. A. 399CV870CFD, 2005 WL 3116095 (D.
Conn. Nov. 15, 2005).................................................................................................................7

*Union Pac. R.R. v. Beemac Trucking, LLC*, No. 8:11CV8, 2013 WL 6795031 (D.
Neb. Dec. 20, 2013) ...................................................................................................................4

### OTHER AUTHORITIES

Fed. R. Civ. P. 32.............................................................................................................................2

Fed. R. Civ. P. 43 ..................................................................................................................... passim

Fed. R. Civ. P. 45.........................................................................................................................1, 2

Barely more than a month before trial, the Direct Purchaser and End-Payor Class Plaintiffs ("Class Plaintiffs") seek an unprecedented order compelling Defendants to produce every witness who Plaintiffs wish to call at trial to appear at courthouses around the country for live trial testimony via video transmission.  Class Plaintiffs seek this extraordinary order notwithstanding the fact that their counsel took videotaped depositions of nineteen witnesses during discovery and never before suggested that these depositions were not sufficient for trial. Class Plaintiffs offer no argument that they were limited in obtaining deposition testimony from relevant witnesses in this case or that any new or unforeseen witnesses have become known after the close of fact discovery.  To the contrary, nearly every witness referenced in Plaintiffs' Motion has been examined in a videotaped deposition, and the actual deposition transcripts demonstrate that the Class Plaintiffs' counsel fully intended these depositions for trial.[1]  Granting Class Plaintiffs' motion would prejudice Defendants and threaten the integrity of the trial proceedings.  It should be denied.

Under Federal Rule of Civil Procedure 45(c)(1), a witness may be compelled to appear live at trial if the trial court is within "the state where the person resides, is employed, or regularly transacts business in person" or within 100 miles of the person's residence or principal place of business.  Fed. R. Civ. P. 45(c)(1).[2]  If a witness is not within the trial court's subpoena

---

[1] *See, e.g.*, Banks Dep. 132:24–25 ("[C]an you just explain to the jury what process validation is."); *id.* at 139:4–7 ("[C]an you—and again, this is a question for the jury. Can you explain in somewhat layman's terms the difference between amorphous and trihydrate?"); Singh Dep. 51:1–3 ("Is your testimony to this jury that you had associated zero risk of that decision being overturned by the court of appeals?"); Aboelezz Dep. 146:16–18 ("A jury is going to be listening to this testimony and it has to be clear enough for them to understand . . . .").

[2] Federal Rule of Civil Procedure 45(c)(1), as amended in December 2013, provides:  "A subpoena may command a person to attend a trial, hearing, or deposition only as follows:  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts

1

power, that witness's deposition testimony may be played at trial instead.  *See* Fed. R. Civ. P. 32(a)(1) & (4).

Federal Rule of Civil Procedure 43(a) creates a narrow exception to this well-settled scheme.  It provides that "[*f*]*or good cause in compelling circumstances and with appropriate safeguards*, the court may permit testimony in open court by contemporaneous transmission from a different location."  Fed. R. Civ. P. 43(a) (emphasis added).[3]  A preference to have witnesses testify "live" is not enough to admit that testimony by contemporaneous transmission under Rule 43(a).  As the advisory committee notes make clear, "[o]rdinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena."  Fed. R. Civ. P. 43(a) advisory committee notes (1996 amendment).  Moreover, "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances."  *Id.*

Class Plaintiffs have not shown "good cause in compelling circumstances."  The witnesses in this case have been known for many months, and Class Plaintiffs have known from the very outset of this case that Defendants' witnesses do not reside in the District of Massachusetts or within 100 miles of the Court, as none of the Defendants' headquarters are located in Massachusetts or nearby—a fact that also was known to Class Plaintiffs when they advocated for transfer of these cases to the District of Massachusetts over Defendants' objection. Class Plaintiffs took nineteen videotaped depositions—they had every opportunity to depose

business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."

[3] When the party seeking to admit testimony by contemporaneous transmission is able to make a showing of good cause in compelling circumstances, a witness may still be compelled only to provide video testimony from a place within the geographic limits described in Rule 45(c)(1). *See* Fed. R. Civ. P. 45(c) advisory committee notes (2013 amendment).

relevant witnesses during discovery.  Yet Class Plaintiffs now claim that they only took

"discovery" depositions, instead of trial depositions.  Any choice on Class Plaintiffs' part to limit

these depositions was wholly calculated.  Under these circumstances, Class Plaintiffs cannot now

be heard to complain that the videotaped depositions they took are inadequate for trial in the

court where they sought to have these cases transferred.  Their motion is a conspicuous attempt

to fix their own mistakes and gain a tactical advantage at the eleventh hour.  Because Class

Plaintiffs' motion is extremely prejudicial to Defendants and unworkable at trial, Class Plaintiffs

have not shown "good cause in compelling circumstances," as required by Rule 43(a).

## I.   PLAINTIFFS HAVE NOT MADE AN ADEQUATE SHOWING OF GOOD CAUSE IN COMPELLING CIRCUMSTANCES.

"[G]ood cause" and "compelling circumstances" are not light burdens, as the advisory

committee notes to Rule 43 make clear.  Examples of "persuasive showings" of good cause and

compelling circumstances include "when a witness is unable to attend trial for unexpected

reasons, such as accident or illness, but remains able to testify from a different place," or when

"[a]n unforeseen need for the testimony of a remote witness . . . arises during trial."  Fed. R. Civ.

P. 43(a) advisory committee notes (1996 amendment).  On the other hand,

> [o]ther possible justifications for remote transmission must be approached
> cautiously.  *Ordinarily depositions, including video depositions, provide a*
> *superior means of securing the testimony of a witness who is beyond the reach of*
> *a trial subpoena*, or of resolving difficulties in scheduling a trial that can be
> attended by all witnesses.  Deposition procedures ensure the opportunity of all
> parties to be represented while the witness is testifying.

*Id.* (emphasis added).

Plaintiffs' justification for live video transmission of trial testimony is premised solely on

the value of "live" testimony in trial proceedings.  *See* Pls. Mem. at 5–6.  It is true that our trial

system prefers in-person live testimony.  *See* Fed. R. Civ. P. 43(a).  But that, alone, cannot

possibly amount to "good cause" and "compelling circumstances" under Rule 43.  If it were,

3

Rule 43(a) live transmission testimony would be mandated in every case and there would be no need to show good cause or compelling circumstances.  Plaintiffs' motion would completely rewrite Rule 43 in a manner not contemplated by its drafters.

Plaintiffs' argument boils down to a mere desire for witnesses to testify "live" by contemporaneous transmission instead of by videotaped deposition.  As the district court in *Air Turbine Technology, Inc. v. Atlas Copco AB* made clear, this is not a "compelling circumstance" under Rule 43(a):

> Plaintiff's argument that Defendants will gain some tactical advantage if Plaintiffs are left to read a deposition of a witness who Defendants then call in their own case is rejected. This circumstance occurs all the time, and does not present a "compelling circumstance." Plaintiff will have the opportunity to read a deposition, and the ability to cross-examine the witness if Defendants present the witness live.

217 F.R.D. 545, 546–47 (S.D. Fla. 2003),[4] *aff'd*, 410 F.3d 701, 714 (Fed. Cir. 2005) (district court did not abuse its discretion in finding no unfair tactical advantage).  *See also Union Pac. R.R. v. Beemac Trucking, LLC*, No. 8:11CV8, 2013 WL 6795031, at *1 (D. Neb. Dec. 20, 2013) (finding no good cause or compelling circumstances where plaintiff merely desired to have the jury assess witness's credibility in a real-time setting; videotaped deposition was sufficient for trial).

Plaintiffs' failure to take depositions of several witnesses (or their apparent failure to take the "trial" depositions they now wish they had taken of other witnesses) does not constitute good cause or compelling circumstances.  "A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause

---

[4] The *Air Turbine* court first held it did not have authority to subpoena witnesses outside of the United States.  The court then held that even if it had such authority, the plaintiff had failed to meet its burden under Rule 43(a).  *Air Turbine*, 217 F.R.D. at 546–47.

and the compelling nature of the circumstances."[5]  Fed. R. Civ. P. 43(a) advisory committee

notes (1996 amendment).  "The commentary makes clear that compelling circumstances will

generally refer to *unexpected circumstances*.  When the circumstance precluding the in-court

testimony of witnesses is expected, deposition (including video deposition) provides the superior

means of securing the testimony."  *Garza-Castillo v. Guajardo-Ochoa*, No. 2:10-cv-00359-LDG,

2012 WL 15220, at *1 (D. Nev. Jan. 4, 2012) (emphasis added).

Plaintiffs do not contend that they learned about new witnesses after discovery closed, or

that they were hindered in discovery from taking depositions of those witnesses whose testimony

they considered important for trial.  If Plaintiffs failed to depose witnesses that they knew or

should have known were beyond the court's subpoena power—or failed to depose these

witnesses adequately—that does not constitute good cause.  *See Eller v. Trans Union, LLC*, 739

F.3d 467, 479 (10th Cir. 2013) (finding plaintiff did not fulfill requirements of Rule 43(a) where

plaintiff "could (and perhaps should) have foreseen" that witnesses might not be available for

trial; plaintiff should have "made alternative arrangements" for securing testimony, such as by

taking depositions); *Niemeyer v. Ford Motor Co.*, No. 2:09-CV-2091 JCM (PAL), 2012 WL

5199145, at *2 (D. Nev. Oct. 18, 2012) (that plaintiffs failed to depose witness who was

unavailable to attend trial did not justify admitting live video testimony of witness; "The court

finds that when the federal rule states a court may permit contemporaneous transmission 'for

good cause in compelling circumstances' the rule really means 'for good cause in compelling

circumstances.'"); *Matovski v. Matovski*, No. 06 Civ. 4259 (PKC), 2007 WL 1575253, at *3

---

[5] In addition, "[n]otice of a desire to transmit testimony from a different location should be given
as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an
advance ruling on transmission."  Fed. R. Civ. P. 43(a) advisory committee notes (1996
amendment).

(S.D.N.Y. May 31, 2007) (holding that because eight witnesses were known to the petitioner "from the inception of th[e] proceeding," "[t]here is nothing 'unexpected' or 'compelling'").

There is nothing unexpected or compelling about the fact that witnesses in this case do not reside in Massachusetts or nearby.  Class Plaintiffs knew this when they filed the original complaints alleging that Defendants' principal places of business were located in other states that were not close to Massachusetts, and when they urged a year ago that these cases should be consolidated in the District of Massachusetts.  Consequently, Class Plaintiffs cannot show good cause and compelling circumstances when they reasonably should have foreseen the precise circumstances they now find themselves in.

## II.   CLASS PLAINTIFFS' REQUEST IS EXTREMELY PREJUDICIAL TO DEFENDANTS AND UNWORKABLE AT TRIAL.

### A.   Class Plaintiffs' Motion Unfairly Prejudices Defendants.

Counsel in this case have dedicated countless hours to traveling to, preparing for, and taking nineteen depositions of witnesses affiliated with or under the control of Defendants.  Each of these depositions was videotaped.  Class Plaintiffs have designated the deposition testimony of the vast majority of witnesses referenced in their motion, and Defendants' counsel have made counter-designations and lodged objections to Class Plaintiffs' deposition designations.  Despite this, Class Plaintiffs now apparently seek to abandon these designations in favor of a free-for-all approach at trial in which every witness in the case can be compelled to testify live from courthouses around the country via video transmission.  Defendants are unaware of any precedent for such an extraordinary and burdensome process.

If Class Plaintiffs' motion is granted, Defendants will have to spend considerable resources to send counsel to meet with witnesses throughout the country in order to prepare them for their live video testimony—all in the few weeks before trial begins.  Such a situation is

6

patently unfair to Defendants. *See Szollosy v. Hyatt Corp.*, No. Civ. A. 399CV870CFD, 2005 WL 3116095, at *1 (D. Conn. Nov. 15, 2005) (finding party unjustifiably delayed motion under Rule 43(a) and failed to establish good cause and compelling circumstances where party brought motion under Rule 43 six weeks after making contact with the witness and three weeks before the start of evidence; to permit testimony by contemporaneous transmission at so late a date would prejudice other parties).

### B.    Class Plaintiffs' Motion and Protocol Are Unworkable.

Class Plaintiffs' motion is not only prejudicial but also unworkable.  As currently written, Class Plaintiffs' proposed protocol—*which was never the subject of any meet and confer with Defendants*—would call for this Court to become equipped with an elaborate setup including two-way color audio-video transmission, remote control cameras, laptops, monitors, telephones, and compatible headsets or headphones.  A second courtroom—for each witness that Class Plaintiffs choose to call via video transmission—would become similarly equipped in remote federal courthouses around the country, with only two days required notice to this Court, and a courtroom, court deputy, and court reporter would somehow be procured on short notice to preside over the remote location.  Further, unexplained "[n]ecessary measures" will be taken to ensure that outsiders will not be able to access or observe a witness's testimony.  Pls. Protocol at 5.  Despite the obvious complications and potential for error and distraction, Class Plaintiffs assure that "the party calling the witness [will] coordinate . . . all necessary personnel and logistical matters to allow for a timely and smooth transmission."  Pls. Protocol at 5–6.  This extraordinarily complex plan is simply impracticable—especially at this late date.

Other portions of Class Plaintiffs' protocol invite confusion and inefficiency.  For instance, the section providing that parties will email or display on camera any additional exhibits required for cross-examination or re-direct would likely lead to mistakes and confusion.

The protocol also makes no mention of what would happen should technology fail.  Courts have found far less ambitious plans for testimony by contemporaneous transmission unworkable.  As one trial court pointed out, "[t]he greater distance between court and witness . . . leads to a greater likelihood of technical problems arising, which would interfere with the flow of the trial and cause unnecessary delays—problems which might better be handled in a deposition rather than during trial."  *RLS Assocs., LLC v. United Bank of Kuwait PLC*, No. 01 Civ. 1290 (CSH), 2005 WL 578917, at *7 (S.D.N.Y. Mar. 11, 2005).

Class Plaintiffs' protocol also seeks unfair tactical advantages.  For instance, it provides that witnesses who testify by contemporaneous transmission may not later appear in person at trial.  Class Plaintiffs cite no authority and give no explanation for stripping Defendants of the right to bring witnesses to the trial.  Defendants also object to Class Plaintiffs' protocol to the extent that it bars counsel from being present in the same room as the testifying witness.

For the sake of both fairness and sound trial management, Class Plaintiffs' motion should be denied.[6]

## III.   CLASS PLAINTIFFS' ARGUMENTS ARE NOT PERSUASIVE.

### A.   The Cases Cited By Class Plaintiffs Are Distinguishable.

Class Plaintiffs drastically overstate the case law when they assert that "[t]he logistical complications inherent in MDL proceedings . . . generally satisfy Rule 43's 'good cause' requirement."  Pls. Mem. at 4.  No case cited by Class Plaintiffs stands for the proposition that an MDL proceeding *per se* amounts to good cause or compelling circumstances for allowing testimony by contemporaneous transmission pursuant to Rule 43(a).  A fair reading of the cases

---

[6]  Because Class Plaintiffs never met and conferred with Defendants on their proposed protocol, this Court should reject it.  But if the Court nonetheless decides to admit testimony by contemporaneous transmission, it should adopt a protocol only after considering submissions on the subject from both parties.

cited by Class Plaintiffs reveals only that the analysis under Rule 43(a) is intensely fact-specific. None of the cases cited by Class Plaintiffs are factually similar to the present case.

Class Plaintiffs rely heavily on *In re Washington Public Power Supply System Securities Litigation*, MDL No. 551, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988) (cited in Pls. Mem. at 4, 6), in support of their motion. That case was decided in 1988—eight years before Rule 43(a) was amended to provide that testimony by contemporaneous transmission was permissible only *for good cause in compelling circumstances*.[7] The court had previously transferred venue over the defendants' objection, and the defendants then tried to assert that the "plaintiffs [had] lost the opportunity to have the jury see 'live' trial witnesses by urging the venue change." *Washington Public*, 1988 WL 525314, at *1. Rejecting the defendants' argument as "punitive," the court held that the witnesses, who were outside the court's subpoena power, would be required to testify via satellite. *Id.* at *1–2. In making its ruling, the court cautioned that "[s]uch a procedure will rarely be justified." *Id.* at *2. Moreover, acknowledging the "unusual" nature of its decision, *id.*, the court certified its ruling for immediate appeal, *id.* at *3. The parties later settled, so the legality of the procedure adopted by the court was never tested on appeal.[8]

---

[7] In 1988, the entirety of Rule 43(a) read, "In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by an Act of Congress or by these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court." *See* Fed. R. Civ. P. 43(a), 28 U.S.C. app. (1988). The clause, "[t]he court may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location," was added by a 1996 amendment. *See id.* (1997) (later restyled by a 2007 amendment). The *Washington Public* court actually decided to "treat[] plaintiffs' motion as a motion to reopen discovery for a limited purpose, that purpose being to allow the district court where witnesses reside to invoke the subpoena provisions of Rule 26 to compel attendance of witnesses in that district." 1988 WL 525314, at *1. It was not a motion for live video transmission pursuant to the current Rule 43(a).

[8] *In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. 424 (D.P.R. 1989) (cited in Pls. Mem. at 4–6), is the same. That case also was decided before the relevant amendment to Rule 43(a) and relied on *Washington Public* in the absence of any controlling authority to guide it. In addition, it is factually distinguishable from the present case because the party seeking to have

*Washington Public* is not relevant authority here because it was decided before the "good cause in compelling circumstances" test was added to Rule 43. *Washington Public* therefore is not precedent for the extraordinary use of Rule 43(a) in this case.[9]  The plain language of Rule 43(a) articulates the standard to be applied in this case, and the accompanying commentary guides how it should be applied in particular circumstances.

Should the Court choose to adopt the *Washington Public* "factors," Class Plaintiffs' motion should still be denied.  The five factors include:

> (1) the control exerted over the witness by the defendant; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation.

*In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006) (citing *Washington Public*, 1988 WL 525314, at *2-3).

In the present case, Defendants do not seek any unfair tactical advantage in opposing Class Plaintiffs' motion; Defendants only seek to have Class Plaintiffs abide by the Federal Rules of Civil Procedure.  Class Plaintiffs could have litigated these cases in the District of New Jersey, where certain of the parties and witnesses are located and where the underlying patent

---

testimony telecast live at trial apparently had not video-recorded the relevant witnesses' depositions.  *See San Juan*, 129 F.R.D. at 425.

[9] Class Plaintiffs cite only one case that relied on *Washington Public* after the "good cause in compelling circumstances" provision was added to Rule 43(a).  *See In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640 (E.D. La. 2006) (cited in Pls. Mem. at 4, 6).  There, the court first found that the witness (a corporate officer) could be compelled to testify at trial under the court's subpoena power.  *Id.* at 642.  *Vioxx* is clearly distinguishable from the present case.  This Court is not asked to rule whether testimony by contemporaneous transmission may serve as a substitute for live in-court testimony procured through a Rule 45 subpoena.  Rather, Class Plaintiffs ask this Court to order live testimony by contemporaneous transmission of witnesses that they cannot compel to testify live in court through Rule 45—a proposition that the commentary to Rule 43(a) addresses and refutes in favor of testimony by videotaped deposition.

litigation was conducted.  For their own strategic reasons, they chose not to do so.  Having made

that tactical decision, Class Plaintiffs now seek a tactical advantage not permitted by the Federal

Rules by making this eleventh-hour request for testimony by contemporaneous transmission in

order to compensate for their own errors and oversights in taking depositions.  Class Plaintiffs

knew that Defendants' current and former employees worked and resided beyond the subpoena

power of the trial court.  Class Plaintiffs now admit their depositions of certain witnesses are

inadequate, *see* Pls. Mem. at 3 (explaining Class Plaintiffs took depositions for discovery

purposes but failed to subject witnesses "to truth-telling cross-examination of the type used for

trial purposes"), and seek a second bite at the apple.[10]  Defendants would be seriously prejudiced

by permitting Class Plaintiffs to secure such a blatant tactical advantage, particularly this close to

trial.  *See* Part I, *supra*.  Finally, although this is a "complex, multi-party" litigation, any

"flexibility" afforded by allowing testimony by contemporaneous transmission is not necessary

here, where the preferred medium of video deposition testimony is available—a circumstance

that was not present in certain of the cases relied upon by Class Plaintiffs.  These decisive factors

all weigh in favor of denying Class Plaintiffs' motion.

### B.   Class Plaintiffs Will Not Be Prejudiced If Their Motion Is Denied.

Class Plaintiffs contend they will be "severely prejudiced" if their motion is denied.  *See*

Pls. Mem. at 8.  In support of this argument, Class Plaintiffs give the example of one witness,

Ahmad Aboelezz, who lives and works outside Massachusetts.  Class Plaintiffs assert that if he

---

[10] In *In re Actos (Pioglitazone) Products Liability Litigation*, No. 6:11-md-2299, 2014 WL
107153 (W.D. La. Jan. 8, 2014) (cited in Pls. Mem. at 4–6), the court found good cause in
compelling circumstances to admit testimony by contemporaneous transmission because the
plaintiffs had not been able to obtain necessary video depositions of a large number of witnesses.
*Id.* at *4–6. The court further noted that Rules 43 and 45 were "*being employed . . . when video
depositions are not a viable means of securing the appearance of those witnesses.*"  *Id.* at *6
(emphasis in original).  Here, unlike in *Actos*, Plaintiffs had ample opportunity to conduct video
depositions prior to trial.

"is either unwilling or unable to attend and testify at the trial of this matter, inquiry at trial into

his role and knowledge of the reverse payment agreements—the heart of this case—will be lost."

*Id.* at 7–8.  But Class Plaintiffs fail to tell the Court that (1) *they deposed Mr. Aboelezz*, (2) he

was not the Ranbaxy employee responsible for negotiating the Nexium patent settlement with

AstraZeneca, and (3) they deposed two AstraZeneca witnesses (Terri Bowman and Tim Hester)

who were involved in the Ranbaxy negotiations.

      Class Plaintiffs also stress the importance of having a "face-to-face" connection between

the witness and jury, *see* Pls. Mem. at 5, but do not acknowledge that video depositions will

result in just as much "face-to-face" interaction as testimony by contemporaneous transmission.

The jury will not be robbed of the opportunity to observe witnesses' demeanor if Class Plaintiffs'

motion is denied.  This sort of prejudice does not amount to good cause in compelling

circumstances under Rule 43.

      For the foregoing reasons, the Court should deny Class Plaintiffs' Motion for Live Trial

Testimony via Contemporaneous Transmission.

Dated:  February 4, 2014

Respectfully submitted,

/s/ J. Douglas Baldridge

/s/ Dane H. Butswinkas

J. Douglas Baldridge (*pro hac vice*)
Lisa Jose Fales (*pro hac vice*)
Danielle R. Foley (*pro hac vice*)
Sarah Choi (*pro hac vice*)
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
Ph: (202) 344-4000
Fax: (202) 344-8300
jdbalridge@venable.com
ljfales@venable.com
drfoley@venable.com
schoi@venable.com

Dane H. Butswinkas (*pro hac vice*)
John E. Schmidtlein (*pro hac vice*)
Paul B. Gaffney (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Ph: (202) 434-5000
Fax: (202) 434-5029
DButswinkas@wc.com
JSchmidtlein@wc.com
PGaffney@wc.com

Leslie F. Su (BBO No. 641833)
MINERVA LAW, P.C.
300 Brickstone Square, Suite 201
Andover, MA 01810
Ph: (978) 494-4695
leslie.su@minervalawpc.com

*Counsel for Ranbaxy Pharmaceuticals, Inc.,*
*Ranbaxy Inc., and Ranbaxy Laboratories, Ltd.*

Timothy C. Hester (*pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Ph: (202) 662-6000
Fax: (202) 662-6291
thester@cov.com

William A. Zucker, Esq., BBO # 541240
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA 02110
Ph: (617) 449-6500
Fax: (617) 607-9200
wzucker@mccarter.com

Michael P. Kelly (*pro hac vice*)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Ph: (302) 984-6301
Fax: (302) 984-2493
mkelly@mccarter.com

*Counsel for AstraZeneca LP, AstraZeneca*
*AB, and Aktiebolaget Hassle*

/s/ Laurence A. Schoen
Laurence A. Schoen, BBO no. 633002
Adam L. Sisitsky, BBO no. 637532
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Ph: (617) 542-6000
Fax: (617) 542-2241
LASchoen@mintz.com
ALSisitsky@mintz.com

/s/ Jonathan Berman
Kevin D. McDonald (*pro hac vice*)
Jonathan Berman (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Ph:  (202) 879-3939
Fax:  (202) 626-1700
kdmcdonald@jonesday.com
jberman@jonesday.com

Jay P. Lefkowitz, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Ph: (212) 446-4800
Fax: (212) 446-4900
jay.lefkowitz@kirkland.com

Karen N. Walker, P.C. (*pro hac vice*)
Rebecca A. Koch (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Ph: (202) 879-5000
Fax: (202) 879-5200
karen.walker@kirkland.com
rebecca.koch@kirkland.com

*Attorneys for Teva Pharmaceuticals USA, Inc.*
*and Teva Pharmaceutical Industries, LTD*

Andrew J. Miller (*pro hac vice*)
BUDD LARNER, PC
150 JFK Parkway
Short Hills, NJ 07078
Ph:  (973) 379-4800
Fax:  (973) 379-7734
amiller@buddlarner.com

Brian T. Moriarity, BBO No. 665995
HAMILTON BROOK SMITH &
REYNOLDS
530 Virginia Road
Concord, MA 01742
Ph:  (978) 341-0036
Fax:  (978) 341-0136
Brian.moriarity@hsbr.com

*Attorneys for Dr. Reddy's Laboratories, Inc.*
*and Dr. Reddy's Laboratories, Ltd.*

**<u>CERTIFICATE OF SERVICE</u>**

I, James H. Weingarten, hereby certify that this document was electronically filed and

served using the Court's ECF system on February 4, 2014.

<u>/s/ James H. Weingarten</u>
James H. Weingarten