UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEXIUM (ESOMEPRAZOLE) ANTITRUST LITIGATION | CIVIL ACTION NO. 12-md-02409-WGY |

YOUNG, D.J.                                                          February 12, 2014

ORDER

When a judge is faced with an unfocused mass of largely sympathetic but substantially immaterial evidence, he is wont to say to other judges, "I have a case in search of a theory."

Here it is the reverse. Here there is a theory – indeed a strong theory recently endorsed by the Supreme Court, F.T.C. v. Actavis, Inc., 133 S. Ct. 2223 (2013) – searching for a case, or at least sufficient evidence to support each necessary element of the theory.

This multidistrict litigation case is on the eve of what the parties estimate will be a six-week trial. The final pre-trial conference is scheduled for tomorrow afternoon at 2 p.m. with the liability trial to follow, commencing on Monday, March 3, 2014. Counsel have worked diligently and with admirable cooperation in preparing this case for trial in a year's time.

1

The Court is faced with a plethora of motions for summary judgment which necessarily must be addressed before the case can move forward.

Accordingly, after due consideration and careful review of the summary judgment materials and the able arguments of counsel, the Court rules:

1. AstraZeneca's Motion for Summary Judgment Against the Direct Purchaser Plaintiffs for Lack of Actual Injury and to Exclude the Direct Purchaser Plaintiffs Experts Damages Opinions [ECF No. 648] was **DENIED** on January 13, 2014.

AstraZeneca's Motion for Summary Judgment on the Basis of Statute of Limitations [ECF No. 649] was **DENIED** on January 13, 2014.

2. AstraZeneca's Motion for Summary Judgment Barring Assigned Claims [ECF No. 650] is **DENIED** as premature. The 30-day Direct Purchaser Class opt-out period is still pending and the Retailer Plaintiffs still have an opportunity to file an exclusion from the certified class. Further, the Retailer Plaintiffs have presented sufficient evidence, including identifying their purchases on which their partial assignments are based, thus minimizing concerns of duplicative recovery under Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977).

3. AstraZeneca, Ranbaxy, and Teva's Motion for Partial Summary Judgment as to Overarching Conspiracy [ECF No. 647] and the portion of Dr. Reddy's Motion for Summary Judgment [ECF No. 594] regarding the Plaintiffs' conspiracy claims is **DENIED**. There is sufficient circumstantial evidence, primarily due to the "contingent launch" provisions of the respective agreements, for the jury reasonably to infer a conspiracy among the Defendants in violation of Sections 1 and 2 of the Sherman Act and analogous state laws.

4. Teva's Motion for Summary Judgment Based on Absence of Reverse Payment to Teva [ECF No. 600] is **GRANTED**, primarily on the basis that the Plaintiffs fail to demonstrate the existence of a "large, unjustified reverse payment" under Actavis, and have not taken the additional opportunity provided by this Court for their expert, Dr. Thomas McGuire, to prepare a proper reasonable royalty damages calculation under accepted methodologies. Teva may, however, still be liable under the overarching conspiracy theory.

5. Teva's Motion for Summary Judgment Based on Lack of Causation [ECF No. 606] is **DENIED**. Teva relies too broadly on the theory that governmental regulatory schemes break the chain of causation in antitrust cases, by using Ranbaxy's first-filer 180-day exclusivity right under the Hatch-Waxman Act as a shield

against causation.  Because the Plaintiffs' evidence tends to support an inference that Teva deliberately slowed its Nexium ANDA process as a result of the Teva-AstraZeneca settlement agreement, and because of the existence of genuine disputes of material facts over Teva's readiness and intent to engage in an earlier generic launch, it is appropriate that the determination of antitrust causation be reserved for a jury.

6. Dr. Reddy's Motion for Summary Judgment [ECF No. 594] is **GRANTED** in part.  The Plaintiffs fail to demonstrate that the DRL-AstraZeneca settlement agreement constituted a "large, unjustified reverse payment" under Actavis.  With the lack of economic evaluation of the so-called payment, and the insufficient amount of evidence indicating Dr. Reddy's readiness to engage in an earlier generic launch, the Plaintiffs are unable to survive this motion.  The portion of this motion for summary judgment based on participation in the conspiracy is, however, **DENIED.**

7. AstraZeneca's Motion for Summary Judgment on All Claims Arising From AstraZeneca's Settlements with Teva and DRL [ECF No. 644] is **GRANTED**, primarily on the basis that the Plaintiffs fail to demonstrate that Teva and DRL's settlements with AstraZeneca constituted "large, unjustified reverse payment[s]" under Actavis which would trigger antitrust concerns.  The

4

Plaintiffs also face issues with the admissibility and quality of expert opinions in their Actavis analysis and, in regards to Teva, they fail to provide a proper reasonable royalty analysis from Dr. Thomas McGuire although they were provided an opportunity to do so.

8. AstraZeneca and Ranbaxy Defendants' Motion for Summary Judgment on All Claims Arising From AstraZeneca's Settlement with Ranbaxy [ECF No. 642] must, however, be **DENIED** on the basis that the Plaintiffs are able to support a reasonable inference of a "large, unjustified reverse payment" under Actavis, with proper economic valuation and factual support to suggest that Ranbaxy was induced into delaying its generic Nexium in exchange for lucrative side agreements and an exclusive license agreement. A reasonable jury could determine from the evidence that a "payment" was made from AstraZeneca to Ranbaxy under the rule of reason standard outlined in Actavis for establishing antitrust liability.

9. The great judge, Richard Arnold, said, "[t]he simplest way to decide a case is often the best." Chambers v. Bowersox, 157 F.3d 560, 564 n.4 (8th Cir. 1998). Ranbaxy's Motion for Summary Judgment Due to Lack of Causation [ECF No. 641] must be **GRANTED**, primarily because there is here no adequate evidence that Ranbaxy would have launched "at risk." Conclusory statements

5

that Ranbaxy could have launched at risk had only it wanted to move more urgently are insufficient. Moreover, the Plaintiffs are unable to support an argument that earlier generic entry would have been feasible due to Ranbaxy's continuing, and well-documented difficulties with obtaining FDA approval.

10. Accordingly, AstraZeneca's Motion for Summary Judgment on the Basis of Causation [ECF No. 645] must likewise be **GRANTED** with respect to its agreements with Ranbaxy and Dr. Reddy's, and **DENIED** with respect to its agreement with Teva.

In light of these rulings, tomorrow's final pre-trial conference and the March 3rd trial are continued without day. Pursuant to Federal Rule of Civil Procedure 56(a) ("The court should state on the record the reasons for granting or denying the motion."), the parties deserve to have these rulings fully explicated in a thorough written opinion. In a case as complex as this, such composition and writing will take time. As the case is fully prepared for trial, it is important to minimize wasteful transaction costs. Accordingly, save for motions for reconsideration, this case is ordered administratively closed while the Court prepares its full written opinion. It may be reopened upon the motion of any party, upon the first of any of the following events to occur: (1) the Court asks for further briefing upon a motion for reconsideration; (2) any two or more

of the parties seek Court approval for a settlement; (3) a generic version of Nexium is launched;[1] or (4) the Court issues its written opinion.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[1] Llawer gwir, gorau ei gelu.  Old Welsh proverb – "All truths are not for telling."