UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEXIUM (ESOMEPRAZOLE) ANTITRUST LITIGATION <br><br> This Document Relates To: <br><br> All Actions | MDL No. 2409 <br><br> Civil Action No. 1:12-md-02409-WGY |

**PLANITIFFS' OMNIBUS MOTION *IN LIMINE***

In light of opening statements next week, Plaintiffs[1] respectfully request that the Court grant the following relief to shape the proper scope of opening statements and the evidence.

**Motion *in Limine* A: Motion to Bar Any Reference to the Adverse Impact That a Damages Award Will Have on Defendants or the Drug Industry**

For the reasons set forth in the accompanying memorandum of law in support of this omnibus motion, Plaintiffs request that the Court preclude Defendants[2] from presenting any evidence or argument at trial that a large judgment against them will negatively impact their current businesses and/or other drug manufacturers in the future. Plaintiffs also request that the Court preclude Defendants from arguing or suggesting that they will need to adjust the prices they charge for Nexium and/or other products in the event of an adverse verdict.

**Motion *in Limine* B: Motion to Exclude Any Evidence Regarding Past or Present Litigation Involving Plaintiffs or Their Counsel**

For the reasons set forth in the accompanying memorandum of law in support of this omnibus motion, Plaintiffs request that the Court preclude Defendants from referring to or

---

[1] Plaintiffs include the Direct Purchaser Class Plaintiffs, the End Payor Class Plaintiffs, and Plaintiffs in the *Walgreen* (No. 13-cv-10337-WGY), *Giant Eagle* (No. 13-cv-11305-WGY), *Rite Aid* (No. 13-cv-12074-WGY), and *CVS* (14-cv-11788) actions.

[2] "Defendants" are AstraZeneca LP, AstraZeneca AB and Aktiebolaget Hassle, Ranbaxy Pharmaceuticals, Inc., Ranbaxy Inc. and Ranbaxy Laboratories Ltd., Teva Pharmaceutical Industries, Ltd. and Teva USA, Inc., and Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories, Inc.

presenting evidence regarding any current or past litigation involving Plaintiffs or their counsel, or suggesting any inappropriate role by Plaintiffs' counsel in the instant case.

**Motion *in Limine* C: Motion to Preclude Defendant AstraZeneca from Disparaging Generic Drugs or Touting Brand Drugs**

For the reasons set forth in the accompanying memorandum of law in support of this omnibus motion, Plaintiffs request that Defendants AstraZeneca LP, AstraZeneca AB and Aktiebolaget Hassle ("AstraZeneca") be precluded from introducing evidence or argument, through attorneys or witnesses, denigrating generic drugs with pejoratives such as "copycat" or "me too" drugs. Plaintiffs also request that AstraZeneca be precluded from referring to itself with self-serving descriptors such as "innovator."

**Motion *in Limine* D: Motion to Exclude Evidence or Opinions That a Payment Must Be in Cash**

For the reasons set forth in the accompanying memorandum of law in support of this omnibus motion, Plaintiffs request that the Court preclude Defendants from presenting any evidence and/or opinion that a reverse payment under *Actavis* must be in cash.

**Motion *in Limine* E: Motion to Exclude Evidence or Opinions That Authorized Generics Are Anticompetitive**

For the reasons set forth in the accompanying memorandum of law in support of this omnibus motion, Plaintiffs request that the Court preclude Defendants from presenting any evidence that authorized generics themselves harm competition or are anticompetitive. Plaintiffs also request that the Court preclude Defendants from introducing any evidence that AstraZeneca's agreement not to launch an authorized generic was in any way procompetitive.

**Motion *in Limine* F: Motion to Exclude Live Testimony of Defendants' Witnesses Who Are Unavailable to Testify in Plaintiffs' Case in Chief**

For the reasons set forth in the accompanying memorandum of law in support of this omnibus motion, Plaintiffs request that the Court exclude the live testimony of witnesses set

forth on Defendants' witness list who are not made available to testify live in Plaintiffs' case in chief.

**Motion *in Limine* G: Motion to Exclude Any Reference That the New Jersey District Court in Any Way "Approved" the Patent Litigation Settlements**

For the reasons set forth in the accompanying memorandum of law in support of this omnibus motion, Plaintiffs request that the Court preclude Defendants from offering evidence or argument that the New Jersey District Court's entry of the consent judgments ("Consents") manifests actual court-approval of the patent litigation settlement agreements.

**Motion *in Limine* H: Motion Requesting That the Court Preclude Assertion of Any "Risk Aversion" Defense**

For the reasons set forth in the accompanying memorandum of law in support of this omnibus motion, Plaintiffs request that the Court preclude Defendants from arguing, suggesting, mentioning, or presenting any evidence regarding any "risk aversion" defense, *i.e.*, evidence, argument, or suggestion that AstraZeneca's aversion to litigation risk, the risk from competition, and/or business uncertainty justified the payment to delay generic entry.

**Motion *in Limine* I: Motion Requesting that the Court Preclude Evidence Related to the FTC Investigation, and Requesting a Limiting Instruction to the Jury to Prevent Conclusions and/or Inferences to be Drawn from the FTC Investigation**

For the reasons set forth in the accompanying memorandum of law in support of this omnibus motion, Plaintiffs request that the Court preclude Defendants from introducing evidence related to the legally irrelevant fact of the FTC investigation of the Defendants' settlements and the outcome of this investigation, and request a limiting instruction to prevent the jury from drawing any conclusions and/or inferences from this same evidence.

**Motion *in Limine* J: Motion Requesting that the Court Preclude Evidence Related to Defendants' Supposed Good Character or Reputation**

For the reasons set forth in the accompanying memorandum of law in support of this omnibus motion, Plaintiffs respectfully request that this Court prohibit Defendants from mentioning or introducing evidence at trial related to Defendants' supposed good character or reputation.

**Motion *in Limine* K: Motion Requesting that the Court Preclude Evidence that the Sales of Nexium (a) Allowed AstraZeneca to Recoup Research and Development Costs Incurred in the Development of Nexium, and (b) Generated Profits That Were Used to Develop or Discover New Pharmaceutical Products, or That Were Used to Benefit the Public or Company**

For the reasons set forth in the accompanying memorandum of law in support of this omnibus motion, Plaintiffs respectfully request that this Court prohibit AstraZeneca from offering evidence or argument that suppression of generic competition to Nexium was in any way beneficial or procompetitive because it, *inter alia*, (a) permitted AstraZeneca to recoup research and development expenses, or (b) generated profits which were used to develop or discover new drugs, or which otherwise benefitted AstraZeneca or the public.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Plaintiffs made a good faith attempt to resolve the issues in this motion by asking Defendants whether they consented to this motion, and Defendants did not respond as of this filing.

Dated:  October 14, 2014

>                                 */s/ Thomas M. Sobol*
>                                 Thomas M. Sobol, BBO No. 471770
>                                 David S. Nalven, BBO No. 547220
>                                 Donna M. Evans, BBO No. 554613
>                                 Kristen A. Johnson, BBO No. 667261
>                                 HAGENS BERMAN SOBOL SHAPIRO LLP
>                                 55 Cambridge Parkway, Suite 301

Cambridge, MA 02142
Tel: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
davidn@hbsslaw.com
donnae@hbsslaw.com
kristenp@hbsslaw.com

*Liaison Counsel and Co-lead Counsel for the Direct Purchaser Class*

David F. Sorensen
Daniel Simons
Caitlin Coslett
Nicholas Urban
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
dsorensen@bm.net
dsimons@bm.net
ccoslett@bm.net

Bruce E. Gerstein
Joseph Opper
Elena Chan
Ephraim R. Gerstein
GARWIN GERSTEIN & FISHER LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
echan@garwingerstein.com
egerstein@garwingerstein.com

*Co-lead Counsel for the Direct Purchaser Class*

Glen DeValerio (BBO #122010)
BERMAN DeVALERIO
One Liberty Square
Boston, MA 02109
Tel: (617) 542-8300

Fax: (617) 542-1194

5

gdevalerio@bermandevalerio.com

Todd A. Seaver (BBO #645874)
BERMAN DeVALERIO
One California Street, Suite 900 San Francisco, CA  94111
Tel:  (415) 433-3200
Fax:  (415) 433-6382
tseaver@bermandevalerio.com

*Liaison Counsel for the End-Payor Class*

Steve D. Shadowen
HILLIARD & SHADOWEN LLC
39 West Main Street
Mechanicsburg, PA 17055
Tel: (855) 344-3298
steve@hilliardshadowenlaw.com

Anne Fornecker
Daniel Gonzales
HILLIARD & SHADOWEN LLC
919 Congress Ave., Suite 1325
Austin, TX 78701
Tel: (512) 851-8990
anne@hilliardshadowenlaw.com
daniel@hilliardshadowenlaw.com

Kenneth A. Wexler
Bethany R. Turke
Justin N. Boley
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Tel: (312) 346-2222
Fax: (312) 346-0022
kaw@wexlerwallace.com
brt@wexlerwallace.com
jnb@wexlerwallace.com

J. Douglas Richards
George Farah
Sharon K. Robertson
Hiba Hafiz
COHEN MILSTEIN SELLERS & TOLL, PLLC
88 Pine Street, 14th Floor
New York, New York 10005

6

Tel: (212) 838-7797
Fax: (212) 838-7745
drichards@cohenmilstein.com
srobertson@cohenmilstein.com

Jayne A. Goldstein
POMERANTZ LLP
1792 Bell Tower Lane
Suite 203
Weston, FL 33326
Tel: 954-315-3454
Fax: 954-315-3455
jagoldstein@pomlaw.com

*Co-Lead Counsel for the End-Payor Class*

Scott E. Perwin
Lauren C. Ravkind
Anna T. Neill
KENNY NACHWALTER P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861

*Counsel for Walgreen Plaintiffs*

Barry L. Refsin
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA. 19103
Tel: 215-568-6200

Monica L. Rebuck
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
4400 Deer Path Road, Suite 200
Harrisburg, PA 17110
Tel.: 717-364-1007

*Counsel for Rite Aid Plaintiffs*

Bernard D. Marcus
Moira Cain-Mannix
Brian C. Hill
Erin Gibson Allen

MARCUS & SHAPIRA LLP
One Oxford Centre, 35th Floor
Pittsburgh, PA 15219
Tel.: 412-338-3344

*Counsel for Giant Eagle, Inc.*

**CERTIFICATE OF SERVICE**

I, Thomas M. Sobol, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: October 14 , 2014

*/s/* **Thomas M. Sobol**
Thomas M. Sobol