**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: NEXIUM (ESOMEPRAZOLE) ANTITRUST LITIGATION ) ) ) | MDL No. 2409 |
| ) ) | Civil Action 1:12-md-02409-WGY |
| This Document Relates To: ) ) | |
| All Actions ) ) | |

**RANBAXY'S OPPOSITION TO PLAINTIFFS' MOTION TO PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE OF EVENTS OCCURRING ON OR AFTER MAY 27, 2014**

Defendants Ranbaxy Laboratories, Ltd., Ranbaxy Inc., and Ranbaxy Pharmaceuticals, Inc. (collectively, "Ranbaxy") submit this brief in opposition to *Plaintiffs' Motion to Preclude Defendants from Introducing Evidence Occurring on or After May 27, 2014* ("Motion"). (ECF No. 1071.)

Plaintiffs seek to preclude Ranbaxy from introducing into evidence "events occurring on or after May 27, 2014" relating to its generic Nexium ANDA. Plaintiffs do so under the guise that Ranbaxy "refused to make a fulsome production" in response to Plaintiffs' request for such documents and that Ranbaxy will try to "ambush" Plaintiffs with previously withheld information at trial. Plaintiffs' contention is simply incorrect, and Plaintiffs should not be able to hide from the jury relevant information that undermines their causation theories. For the following reasons, Plaintiffs' Motion should be denied.

First, Plaintiffs' argument that Ranbaxy intends to "ambush" Plaintiffs with evidence it refused to produce is a red-herring. Ranbaxy has no intention do any such thing. As the Court made clear, the issue of whether Ranbaxy could have met the Consent Decree milestones and obtained final FDA approval of its generic Nexium ANDA before May 27, 2014 but for its

settlement with AstraZeneca is simply not an issue for the trial.  (ECF No. 977 at 89-90 & 100.)
Ranbaxy objected to Plaintiffs' request that Ranbaxy supplement its production of documents
showing its efforts to comply with the FDA Consent Decree milestones and obtain final FDA
approval on that basis.  (*See, e.g.,* Ranbaxy Opp. to Pls. Mot. to Compel, ECF No. 975.)
Consistent with the Court's summary judgment ruling, the Court denied Plaintiffs' Motion to
compel Ranbaxy to produce those documents.[1]  (ECF No. 978.)  As such, Ranbaxy does not
intend to introduce into evidence facts about its specific efforts since May 27, 2014 to comply
with the Consent Decree milestones and obtain FDA approval. Plaintiffs' contention that this
will be "trial by ambush" should be dismissed as the red-herring it is.

Second, Plaintiffs' complaint rings hollow with respect to the other categories of
documents Plaintiffs asked Ranbaxy to supplement, because Plaintiffs fail to inform the Court
that Ranbaxy does not have responsive, non-privileged documents with which to supplement its
production. Ranbaxy informed Plaintiffs of this fact during the course of their negotiations of
Plaintiffs' request for a supplemental production.  For example, Ranbaxy specifically informed
Plaintiffs that Ranbaxy does not have "an agreement with any other company, including Teva,
regarding the 'disposition of Ranbaxy's first-to-file exclusivity for generic Nexium.'" (*See* ECF
No. 972-10.)  Ranbaxy could not produce documents – let alone ambush Plaintiffs – with
documents that do not exist.  Plaintiffs offer no basis, nor could they, why Ranbaxy should be
precluded from informing the jury that, for example, it does not have an agreement with Teva to
voluntarily relinquish its exclusivity.  While Plaintiffs may not like these real-world facts that
undermine their experts' hypothetical scenarios, there is no reason to preclude Ranbaxy from

---

[1] The Court denied Plaintiffs' Motion with respect to each of the categories of documents
Plaintiffs sought.  (ECF No. 978.)

informing the jury about them and using them to defend against Plaintiffs' speculative assertions about what Ranbaxy would have done in the but-for world.

Third, Plaintiffs' Motion should be seen for what it is:  a last minute attempt to hide from the jury the undisputed fact that today – more than four months after the May 27, 2014 licensed entry date – no company has final FDA approval for its generic Nexium ANDA.  It is not unduly prejudicial to inform the jury of this fact.  Instead, this is a fact that goes directly to the Plaintiffs' central causation contention, and it should be presented to the jury so the jury can understand the pure speculation upon which Plaintiffs' case is based.

Finally, Ranbaxy joins in and incorporates by reference Teva's Opposition to Plaintiffs' Motion.  (ECF No. 1090.)

For these reasons, Plaintiffs' Motion should be denied.

Dated: October 19, 2014

Respectfully submitted,

/s/ J. Douglas Baldridge
J. Douglas Baldridge (*pro hac vice*)
Lisa Jose Fales (*pro hac vice*)
Danielle R. Foley (*pro hac vice*)
Sarah Choi (*pro hac vice*)
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
(202) 344-4000
(202) 344-8300 (fax)
jdbalridge@venable.com
ljfales@venable.com
drfoley@venable.com
schoi@venable.com

Leslie F. Su (BBO No. 641833)
MINERVA LAW, P.C.
300 Brickstone Square, Suite 201
Andover, MA 01810
(978) 494-4695
leslie.su@minervalawpc.com

*Counsel for Defendants Ranbaxy Pharmaceuticals,
Inc., Ranbaxy Inc., and Ranbaxy Laboratories, Ltd.*

## CERTIFICATE OF SERVICE

I, Danielle R. Foley, hereby certify that on this 19th day of October, 2014, this document was electronically filed via the Court's CM/ECF system and served on all counsel of record who will receive a notification of such filing by email.

/s/ Danielle R. Foley

Danielle R. Foley