UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEXIUM (ESOMEPRAZOLE) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Direct Purchaser Class Actions | MDL No. 2409<br><br>Civil Action No. 1:12-md-02409-WGY |

[PROPOSED] ORDER PRELIMINARILY APPROVING DIRECT
PURCHASER CLASS SETTLEMENT WITH DR. REDDY'S LABORATORIES,
LTD. AND DR. REDDY'S LABORATORIES, INC. ("DRL")

Upon review and consideration of the Settlement Agreement dated October 17, 2014 and the exhibit thereto (collectively, the "Settlement Documents"), Direct Purchaser Class Plaintiffs' ("Plaintiffs" or the "Class") Motion for Preliminary Approval of Proposed Settlement with DRL, dated October 19, 2014, and the Declaration of Bruce E. Gerstein and attachments thereto, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Upon review of the record, the Court finds that the proposed settlement between the Class and DRL is sufficiently fair, reasonable, and adequate, and in the best interests of the members of the Class, and within a range that responsible and highly experienced counsel could accept considering all relevant risks and factors of litigation, and is hereby **PRELIMINARILY APPROVED**, subject to a final determination following a hearing, after notice to the Class, to be scheduled at a later date.

2. The proposed settlement is on behalf of:

> All persons or entities in the United States, including U.S. territories, who purchased Nexium directly from AstraZeneca at any time during the period from August 27, 2008 through December 11, 2013 (the "Direct Purchaser Class"). Excluded from the Direct Purchaser Class are the Defendants, their officers, directors, management, employees, subsidiaries, and affiliates, and all federal governmental entities.

Also excluded from the Class are:

> CVS Pharmacy Inc., Rite Aid Corporation and Rite Aid Hdqtrs Corp., The Jean Coutu Group (PJC) USA, Inc., Maxi Drug, Inc., d/b/a Brooks Pharmacy and Eckerd Corporation, Walgreen Co., HEB Grocery Company LP, Safeway Inc., SuperValu, Inc., The Kroger Co., and Giant Eagle, Inc. in their own right as direct purchasers of Nexium from AstraZeneca, and as assignees limited to their purchases of Nexium from Class members.

3. DRL is not a party to the trial that is being conducted in this case, and DRL is neither bound nor estopped by any findings made in this trial.

4. The Court further finds that a discretionary second opt-out period pursuant to recently-amended Rule 23(e)(3) is unnecessary.[1]

5. By October 27, 2014, Plaintiffs shall move this Court to approve notice to the Class, appoint a Claims Administrator, and set a schedule for implementation thereof.

3. All proceedings in the Direct Purchaser Class Action against DRL are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters final judgment and dismisses the action against DRL with prejudice.

4. In the event that the Settlement does not become final pursuant to paragraph 6 of the Settlement, then, subject to approval of the Court, litigation of the Class Action will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

5. In the event the Settlement Agreement and the Settlement are terminated in accordance with the provisions of the Settlement Agreement, the Settlement Agreement, the Settlement, and all related proceedings shall, except as expressly provided to the contrary in the

---

[1] Pursuant to this Court's Order dated December 27, 2013, a "Notice of Pendency of Class Action" in a form approved by the Court, was sent to putative class members. Opt-out elections were required to be postmarked by February 2, 2014. No parties/entities elected to opt-out of the class other than those prosecuting the *Walgreen* (No. 13-cv-10337-WGY), *Giant Eagle* (No. 13-cv-11305-WGY), and *Rite Aid* (No. 13-cv-12074-WGY) actions. *See* ECF No. 862.

Settlement Agreement, become null and void, shall have no further force and effect, and Plaintiffs shall retain full rights to assert any and all causes of action against DRL, and DLR shall retain any defenses thereto.

7.  Neither this order nor the Settlement Agreement nor any other Settlement-related document or anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by DRL as to the validity of any claim that has been or could have been asserted against DRL or as to any liability by DRL or as to any matter set forth in this Order.

SO ORDERED this _____ day of _____, 2014.

_____
William G. Young
United States District Court Judge
U.S. District Court for the District of Massachusetts