IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEXIUM (ESOMEPRAZOLE) ANTITRUST LITIGATION | MDL No. 2409<br><br>Civil Action No. 1:12-md-02409-WGY |
| This Document Relates To:<br><br>All Actions | Hon. William G. Young |

### PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE FOREIGN LANGUAGE DOCUMENTS UNACCOMPANIED BY A CERTIFIED TRANSLATION AND ANY TESTIMONY REFERRING TO OR ABOUT SUCH DOCUMENTS

Plaintiffs move *in limine* for an order (1) excluding foreign language documents unaccompanied by a certified translation and (2) precluding any testimony referring to or about such documents.

Defendants' exhibit list includes nearly one hundred foreign language documents, the majority of which are in Swedish. Almost all of these documents have been produced without translation. A small number are accompanied by purported translations which lack a translator's certification or any information regarding the translators' qualifications (and appear to be privileged work product generated by outside lawyers for AstraZeneca during the underlying patent litigation).[1]

These documents and testimony referring to, or about these documents are inadmissible. Virtually every one of the documents relates to patent merits. Plaintiffs have sought to exclude

---

[1] A list of foreign-language documents produced by defendants without a certified translation and listed on their pretrial list of exhibits marked for identification, is attached hereto as Exhibit A.

testimony on patent merits in Plaintiffs' Objection to Defendants' Order of Proof [ECF No. 1231]. Plaintiffs' Objection is currently pending before this Court.

## FACTS

The documents include lab notebooks, memoranda, and meeting minutes, among other types of information. And many of these documents were written, received or maintained by witnesses whom defendants intend to call at trial to discuss patent merits, including Svenker Von Unge (an inventor of the '504, '872 and '789 patents and listed on defendants' will call list), Magnus Larsson (a named co-inventor on the '789 patent and listed on defendants' will call list), Anders Mattson (co-inventor of the trihydrate patent and originally listed on defendants' may call list), and Anders Kronstrom (also a co-inventor of the trihydrate patent and originally listed on defendants' may call list).

Admitting into evidence documents which neither the Court, jury nor plaintiffs can read is contrary to the governing law. Such documents are simply inadmissible. Moreover, to the extent an English translation of any such document is proffered by defendants, it must be accompanied by a certification of translation. None of the documents at issue are accompanied by such a certificate.

Defendants' witnesses also should not be permitted to testify regarding such documents because there is no way for the Court, jury or plaintiffs to test the veracity of the statements made by the witnesses about the documents and the documents relate. In addition, the testimony of defendants' witnesses regarding patent merits – the primary subject of the foreign language documents – is the subject of a pending objection by plaintiffs.

**ARGUMENT**

It is well-settled that the trial record must be entirely in English.[2] As federal court proceedings must be conducted in English, parties are required to translate into English all foreign language documents before they can even be used at trial, much less admitted in evidence.[3] Therefore, absent a certified English translation, this Court should refuse to consider any foreign language document proffered by defendants.[4]

A translation of unknown provenance is insufficient. Before translated documents may be used in any court proceeding, the interpreter (i) "must be qualified" by the court as an expert in translation for a particular language, and (ii) must provide evidence of such qualifications, including verifying under "oath or affirmation" his or her competency to translate accurately.[5] If

---

[2] *See United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English.").

[3] *See Rivera-Rosario*, 300 F.3d at 7, n.4, (noting the "well-settled rule that parties are required to translate all foreign language documents into English"); *Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 413-14 (1st Cir. 2000).

[4] *See Pena–Crespo v. Puerto Rico*, 408 F.3d 10, 14 (1st Cir. 2005) (affirming district court's exclusion of plaintiff's expert testimony where plaintiff failed to provide an English translation of expert's report and resume, and made no attempt to remedy the omission before trial); *Lopez-Carrasquillo*, 230 F.3d at 413-14 (declining to consider as part of summary judgment record a deposition excerpt in Spanish, where party submitting excerpt failed to provide English translation); *Krasnopivtsev v. Ashcroft*, 382 F.3d 832, 838 (8th Cir. 2004) (copy of passport was properly excluded from evidence where no English translation or certification was offered).

[5] *See* Fed. R. Evid. 604 ("An interpreter must be qualified and must give an oath or affirmation to make a true translation.");; *see also United States v. Hasan*, 747 F. Supp. 2d 642, 679 (E.D. Va. 2010) ("[D]efendants are entitled to a written statement of [the interpreter's] qualifications," including the interpreter's curriculum vitae, a resume, a listing of any schooling, and his training or experience).

any one of these requisite elements is missing, the translated documents and any related testimony must be excluded.[6]

Here, defendants' list of exhibits marked for identification sets forth a large number of foreign language documents without accompanying translations. Any such documents are inadmissible and should be excluded. Additionally, the very few foreign language documents for which defendants provide a purported translation lack the requisite certifications: there is no accompanying certification as to the translation's accuracy, no identification of the individual who purportedly performed the translations of the documents actually being offered to this Court, no identification of that translator's qualifications, and no oath or affirmation from that translator. Accordingly, these translated documents are also inadmissible and should be excluded from evidence at trial.

For the same reasons, no witness should be permitted to testify about foreign language documents for which there is no accompanying certified translation. First, as stated above, because such documents themselves are inadmissible and there is no way for the Court, jury or

---

[6] *See Hamprecht v. Hamprecht*, No. 2:12–cv–125, 2012 WL 1367534, at * 1, n.1 (M.D. Fla. Apr. 19, 2012) (disregarding translated emails because "the translator's qualifications are not established"); *Trapaga v. Central States Joint Bd. Local 10*, No. 05-5742, 2007 WL 1017855 at *7 (N.D. Ill. Mar. 30, 2007) (striking improperly authenticated Spanish to English "translations" and explaining that documentary evidence, including written translations, is admissible only if authenticated "by evidence sufficient to support a finding that the matter in question is what its proponent claims"), (*quoting* Fed. R. Evid. 901(a)); *Sun v. Governmental Auth. on Taiwan*, No. C 94-2769, 2001 WL 114443 at * 7 (N.D. Cal. Jan. 24, 2001) (striking translated documents when there was nothing to indicate "who did the translations and the translator's competency"); *Quiroga, v. Fall River Music, Inc.*, No. 93 Civ. 3914, 1998 WL 851574, at *2 n.3 (S.D.N.Y. Dec. 4, 1998) ("Translations of foreign-language documents which are not certified as true and accurate translations and which do not even identify the translator are not properly authenticated and are not admissible evidence."); *Jack v. Trans World Airlines, Inc.*, 854 F. Supp. 654, 659 (N.D. Cal. 1994) (translated affidavits were inadmissible where local translation center performing the translation did not "describe the maker's qualification or expertise regarding language translation" and did "not state whether the maker did the translations"); *Avirgan v. Hull*, 691 F. Supp. 1357, 1371-72 (S.D. Fla. 1988) (holding an uncertified and unsigned partial translation in summary form inadmissible).

plaintiffs to test the veracity of the statements made by the witnesses about the documents, witnesses should be precluded from testifying about or referring to such documents.  Second, for the reasons set forth in Plaintiffs' Objection to Defendants' Order of Proof, plaintiffs should be precluded from testifying about or referring to the foreign language documents as virtually all of the documents relate to patent merits.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request the entry of an Order, in the form attached hereto, excluding all foreign-language documents unaccompanied by a certified English translation and precluding testimony from witnesses referring to or testifying about any such documents.

Dated:  November 19, 2014

                                       */s/*Thomas M. Sobol
                                       Thomas M. Sobol, BBO No. 471770
                                       David S. Nalven, BBO No. 547220
                                       Donna M. Evans, BBO No. 554613
                                       Kristen A. Johnson, BBO No. 667261
                                       HAGENS BERMAN SOBOL SHAPIRO LLP
                                       55 Cambridge Parkway, Suite 301
                                       Cambridge, MA 02142
                                       Tel:  (617) 482-3700
                                       Fax:  (617) 482-3003
                                       tom@hbsslaw.com
                                       davidn@hbsslaw.com
                                       donnae@hbsslaw.com
                                       kristenj@hbsslaw.com

                                       *Liaison Counsel and Co-lead Counsel for the Direct Purchaser Class*

                                       David F. Sorensen
                                       Daniel Simons
                                       Ellen Noteware
                                       Caitlin G. Coslett

Nicholas Urban
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
dsorensen@bm.net
dsimons@bm.net
ccoslett@bm.net

Bruce E. Gerstein
Joseph Opper
Elena Chan
Ephraim R. Gerstein
GARWIN GERSTEIN & FISHER LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
echan@garwingerstein.com
egerstein@garwingerstein.com

*Co-lead Counsel for the Direct Purchaser Class*

Glen DeValerio (BBO #122010)
BERMAN DeVALERIO
One Liberty Square
Boston, MA 02109
Tel: (617) 542-8300
Fax: (617) 542-1194
gdevalerio@bermandevalerio.com

Todd A. Seaver (BBO #645874)
BERMAN DeVALERIO
One California Street, Suite 900 San Francisco, CA 94111
Tel: (415) 433-3200
Fax: (415) 433-6382
tseaver@bermandevalerio.com

*Liaison Counsel for the End-Payor Class*

Steve D. Shadowen
HILLIARD & SHADOWEN LLC

39 West Main Street
Mechanicsburg, PA 17055
Tel: (855) 344-3298
steve@hilliardshadowenlaw.com

Anne Fornecker
Daniel Gonzales
HILLIARD & SHADOWEN LLC
919 Congress Ave., Suite 1325
Austin, TX 78701
Tel: (512) 851-8990
anne@hilliardshadowenlaw.com
daniel@hilliardshadowenlaw.com

Kenneth A. Wexler
Bethany R. Turke
Justin N. Boley
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Tel: (312) 346-2222
Fax: (312) 346-0022
kaw@wexlerwallace.com
brt@wexlerwallace.com
jnb@wexlerwallace.com

J. Douglas Richards
George Farah
Sharon K. Robertson
Hiba Hafiz
COHEN MILSTEIN SELLERS & TOLL, PLLC
88 Pine Street, 14th Floor
New York, New York 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
drichards@cohenmilstein.com
srobertson@cohenmilstein.com

Jayne A. Goldstein
POMERANTZ LLP
1792 Bell Tower Lane
Suite 203
Weston, FL 33326
Tel: 954-315-3454
Fax: 954-315-3455

jagoldstein@pomlaw.com

*Co-Lead Counsel for the End-Payor Class*

Scott E. Perwin
Lauren C. Ravkind
Anna T. Neill
KENNY NACHWALTER P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861

*Counsel for Walgreen Plaintiffs*

Barry L. Refsin
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA. 19103
Tel: 215-568-6200

Monica L. Rebuck
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
4400 Deer Path Road, Suite 200
Harrisburg, PA 17110
Tel.: 717-364-1007

*Counsel for Rite Aid and CVS*

Bernard D. Marcus
Moira Cain-Mannix
Brian C. Hill
Erin Gibson Allen
MARCUS & SHAPIRA LLP
One Oxford Centre, 35th Floor
Pittsburgh, PA 15219
Tel.: 412-338-3344

*Counsel for Giant Eagle, Inc.*

## CERTIFICATE OF SERVICE

I, Thomas M. Sobol, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with

the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated:  November 19, 2014

/s/ **Thomas M. Sobol**
Thomas M. Sobol