UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEXIUM (ESOMEPRAZOLE) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Actions | MDL No. 2409<br><br>Civil Action No. 1:12-md-02409 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFS' CLOSING DEMONSTRATIVES**

Plaintiffs submit this brief response to Defendants' objections to the demonstratives Plaintiffs may use in closing argument.

1.  <u>Slides 13 and 16</u>.  These slides simply elucidate the concept Dr. McGuire explained to the jury – why, as an economic matter, PIV settlements involving a payment from the brand to the generic may have anticompetitive effects even though the settlement arguably permits generic entry prior to patent expiration.  Indeed, Slide 16 is the exact same slide Dr. McGuire used during his testimony.  The "expected" date of generic entry is an economic concept, well-recognized in the literature, that does not simply assume (as Defendants would have this jury do) that generic entry is automatically precluded until the expiration of the brand's last patent.

The mere fact that plaintiffs have not affirmatively proven that AstraZeneca's Nexium patents would have been adjudicated invalid – because such evidence is not required under *Actavis* and because defendants did not consider the patent merits when entering the agreements – does not preclude plaintiffs from asserting that the "expected" generic date was prior to the expiration of the last of AstraZeneca's patents.  The very fact that AstraZeneca was willing to

settle for a date prior to the expiration of the last patent (albeit with a large and unjustified payment to Ranbaxy) indicates that the "expected" date falls prior to the date of the last expiring patent.

      2.    <u>Hand-drawn Demonstrative Used With Jennifer King.</u>  The testimony of Ms. King was not limited to Teva; Trial Ex. 58, about which Ms. King was testifying, was not limited to Teva; Defendants did not request any limiting instruction at the time (and there was and is no basis for one); and Defendants have not moved to strike the testimony of Ms. King. Accordingly, there is no basis whatsoever from preventing plaintiffs from drawing the jury's attention to this demonstrative or Ms. King's testimony about it.

Plaintiffs respectfully request that the Court deny defendants' objections.

Dated:  December 3, 2014

              */s/ Thomas M. Sobol*
Thomas M. Sobol, BBO No. 471770
David S. Nalven, BBO No. 547220
Donna M. Evans, BBO No. 554613
Kristen A. Johnson, BBO No. 667261
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel:  (617) 482-3700
Fax:  (617) 482-3003
tom@hbsslaw.com
davidn@hbsslaw.com
donnae@hbsslaw.com
kristenp@hbsslaw.com

*Liaison Counsel and Co-lead Counsel for the Direct Purchaser Class*

David F. Sorensen
Ellen Noteware
Daniel Simons
Caitlin Coslett
Nicholas Urban
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel:  (215) 875-3000
Fax:  (215) 875-4604
dsorensen@bm.net
dsimons@bm.net
ccoslett@bm.net

Bruce E. Gerstein
Joseph Opper
Elena Chan
Ephraim R. Gerstein
GARWIN GERSTEIN & FISHER LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel:  (212) 398-0055
Fax:  (212) 764-6620
bgerstein@garwingerstein.com
jopper@garwingerstein.com
echan@garwingerstein.com
egerstein@garwingerstein.com

*Co-lead Counsel for the Direct Purchaser Class*

Glen DeValerio (BBO #122010)
BERMAN DeVALERIO
One Liberty Square
Boston, MA  02109
Tel: (617) 542-8300

Fax: (617) 542-1194
gdevalerio@bermandevalerio.com

Todd A. Seaver (BBO #645874)
BERMAN DeVALERIO
One California Street, Suite 900 San Francisco, CA  94111
Tel:  (415) 433-3200
Fax:  (415) 433-6382
tseaver@bermandevalerio.com

*Liaison Counsel for the End-Payor Class*

Steve D. Shadowen
HILLIARD & SHADOWEN LLC
39 West Main Street
Mechanicsburg, PA 17055
Tel: (855) 344-3298
steve@hilliardshadowenlaw.com

Anne Fornecker
Daniel Gonzales
HILLIARD & SHADOWEN LLC
919 Congress Ave., Suite 1325
Austin, TX 78701
Tel: (512) 851-8990
anne@hilliardshadowenlaw.com
daniel@hilliardshadowenlaw.com

Kenneth A. Wexler
Bethany R. Turke
Justin N. Boley
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Tel: (312) 346-2222
Fax: (312) 346-0022
kaw@wexlerwallace.com
brt@wexlerwallace.com
jnb@wexlerwallace.com

J. Douglas Richards
George Farah
Sharon K. Robertson
Hiba Hafiz
COHEN MILSTEIN SELLERS & TOLL, PLLC
88 Pine Street, 14th Floor
New York, New York 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
drichards@cohenmilstein.com
srobertson@cohenmilstein.com

Jayne A. Goldstein
POMERANTZ LLP
1792 Bell Tower Lane
Suite 203
Weston, FL 33326
Tel: 954-315-3454
Fax: 954-315-3455
jagoldstein@pomlaw.com

*Co-Lead Counsel for the End-Payor Class*

Scott E. Perwin
Lauren C. Ravkind
Anna T. Neill
KENNY NACHWALTER P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861

*Counsel for Walgreen Plaintiffs*

Barry L. Refsin
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA. 19103
Tel: 215-568-6200

Monica L. Rebuck
HANGLEY ARONCHICK SEGAL PUDLIN &
SCHILLER
4400 Deer Path Road, Suite 200
Harrisburg, PA 17110
Tel.: 717-364-1007

*Counsel for Rite Aid Plaintiffs*

Bernard D. Marcus
Moira Cain-Mannix
Brian C. Hill
Erin Gibson Allen
MARCUS & SHAPIRA LLP
One Oxford Centre, 35th Floor
Pittsburgh, PA 15219
Tel.: 412-338-3344

*Counsel for Giant Eagle, Inc.*

## **CERTIFICATE OF SERVICE**

      I, Thomas M. Sobol, hereby certify that I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated:   December 3, 2014

                                                  ***/s/ Thomas M. Sobol***
                                                Thomas M. Sobol